### SHELTON and another *against* PENDLETON.

The liability of the husband for the contracts of his wife, is imposed, by reason of his assent to, or approval of them ; or because the law of marriage has imposed upon him the duty of supplying her with necessaries, during the marriage, until she has relinquished the right to claim them, by her own voluntary act, or forfeited it, by her misconduct.

If credit be in fact given to the wife alone, the presumption of a contract obligatory on the husband, is thereby repelled.

Where *A*, the wife of *B*, without his assent in fact, employed *C*, an attorney and counsellor at law, to prosecute, on *A's* behalf, a petition to the superior court against *B*, for a divorce from him, for a legal and sufficient cause, with a prayer for alimony, and the custody of their minor children ; *C* performed services and made disbursements, in the prosecution of such petition, which was fully granted ; and thereupon *C* brought his action against *B*, for a reasonable remuneration ; it was held, 1. that the facts in the case showed that *C* looked for payment and gave credit to *A* alone ; 2. that the services and disbursements in question were not necessaries, for which *B*, as the husband of *A*, was liable ; 3. that *C's* claim derived no strength from the fact that to the petition for a divorce was appended a prayer for alimony and the custody of the minor children ; 4. that consequently, *C* was not entitled to recover

THIS was an action of debt on book ; which was referred to auditors, who reported the following facts.

The plaintiffs are attorneys and counsellors at law, residing at *New-Haven* ; and their account was for professional services rendered and for disbursements made, by them, in the prosecution of a petition for a divorce, in behalf of *Lucy A. Pendleton*, against her husband, the defendant. In *October* 1844, she, being then the lawful wife of the defendant, preferred her petition against him to the superior court, praying for a divorce, for alimony and the custody of their four minor children. This petition, at the term of the court in *January* 1845, was granted, with an allowance of 3000 dollars to her, as alimony, from the defendant's estate, together with the custody of said minor children. The plaintiffs were employed, by said *Lucy*, without the knowledge of the defendant ; nor did he in point of fact consent thereto, or ratify or approve of such employment of the plaintiffs by her. It appeared, that the petition was properly brought, by her ; and that said services and disbursements were reasonable and necessary to sustain it ; and that the defendant did not employ counsel for her in the cause.

The defendant objected to the plaintiffs' account, and to the admission of any evidence in support of it, claiming, that he was not liable for services or disbursements so rendered or made for said *Lucy*. The auditors admitted such account and evidence, subject to the opinion of the court, whether the defendant was, or was not, liable on the facts aforesaid ; and if, in the opinion of the court, he was liable, the auditors found a balance due on said account from the defendant to the plaintiffs, of 575 dollars ; otherwise, they found, that nothing was so due.

The case was reserved for the advice of this court, as to what judgment should be rendered in the cause.

*Kimberly* and *J. S. Beach*, for the plaintiffs, contended, That the defendant, in this case, was liable, upon the ground that the services rendered and disbursements made, by the plaintiffs, were *necessaries* for the wife, under the circumstances in which she was placed. In the first place, it is a general rule, that the husband will be liable for articles furnished to the wife—she being blameless—which became ne-

cessary for her, in consequence of the neglect or through the fault of the husband: as when they live separate by consent, and he neglects to provide her with necessaries. *Baker* v. *Barney,* 8 *Johns. R.* 72. [57. 2nd ed.] *Lockwood* v. *Thomas,* 12 *Johns. R.* 248. *Emmett* v. *Norton,* 8 *Car. & Pa.* 506. (34 *E. C. L.* 503.) *Rumney* v. *Keyes,* 7 *N. Hamp. R.* 571. *Nurse* v. *Craig,* 2 *Bos. & Pul. N. R.* 148. So when he wrongfully turns her away, or so conducts himself as to render it imprudent or improper for her to remain in his house, he is liable for necessaries, although he expressly notify others not to trust her. *Houliston* v. *Smyth,* 2 *Car. & Pa.* 22. (12 *E. C. L.* 9.) *Harris* v. *Lee,* 3 *P. Wms.* 482. *Harris* v. *Morris,* 4 *Esp. R.* 41. *Turner* v. *Rooks,* 10 *Ad. & El.* 47. (37 *E. C. L.* 35.) *Selw. N. P.* 224. 1 *Sw. Dig.* 34.

*New-Haven,* June, 1847.<br><br>Shelton<br>*v.*<br>Pendleton.

Secondly, in this case, it is apparent, that in consequence of the misconduct of the husband, it became necessary for the wife to separate herself from him. His misconduct made it further necessary for her to bring the petition for divorce, for her own protection, and for the welfare of her children. (*a*) The auditors have found, that the disbursements were reasonable and necessary. Under such circumstances, the husband is liable for professional services rendered in prosecuting the petition against him. *Shepherd* v. *Mackoul,* 3 *Campb.* 326. *Turner* v. *Rookes,* 10 *Ad. & El.* 47. (37 *E. C. L.* 35.)

Thirdly, the fact that the court decreed alimony in the case, does not exonerate the husband from liability. *Keegan* v. *Smith,* 5 *B. & Cres.* 375. (11 *E. C. L.* 253.) *Cunningham* v. *Irwing,* 7 *Serg. & Rawle,* 259.

*Baldwin* and *C. A. Ingersoll,* for the defendant, insisted, That he was not liable for the services and disbursements in question.

In the first place, it appears from the record, that such services and disbursements were rendered and made for *Lucy A. Pendleton,* the defendant's wife; and credit was given to her, and not to him. But if a tradesman furnish goods to, or any person perform services for, the wife, and *gives the credit*

---

(*a*) It was stated, by the counsel for the plaintiffs, and not denied on the other side, that the divorce was granted on the ground of a course of adultery by the husband, to which allusion is here made; but this fact was not found by the auditors.

*New-Haven, June, 1847.*

Shelton
*v.*
Pendleton.

*to her*, the husband is not liable, though she was at the time living with him. *Bentley* v. *Griffin*, 5 *Taun.* 356. *Metcalfe* v. *Shaw*, 3 *Campb.* 22. 2 *Kent's Com.* 146.

But secondly, if the credit had been given to the defendant, he would not be liable. By the marriage contract, the husband assents to the performance of certain duties. Those to compel the performance of which an action can be maintained, are three, and only three: 1. to pay the debts due from the wife before the marriage; 2. to pay the damages which any one has sustained, or may sustain, by any act committed by her, either before or during the marriage; 3. to protect, maintain and clothe her, in sickness and in health, during the marriage, (but not after its termination,) according to their situation in life. 2 *Kent's Com.* 143 to 150. It is no part of his duty, and he never agreed, to pay counsel, whom she might employ to bring a petition for a divorce, if it should so happen that he should be guilty of any act which should authorise one; or to maintain, support or clothe her, *after the marriage*; or to yield up to any one the guardianship of his children, in case of a divorce. The services of the plaintiffs were not either for a debt due from her before marriage; or for a tort committed by her; or for her maintenance, support or clothing, during the marriage. On the contrary, they were to dissolve the marriage contract; to obtain alimony and a maintenance, after the dissolution of the marriage; and to take from the defendant the guardianship of his children.

Thirdly, if the services of the plaintiffs in obtaining the divorce were necessaries, for which the husband would be liable, their services in obtaining the alimony and the custody of the children were not; and as it cannot be determined what were necessaries, and what not, no judgment can be rendered for the plaintiffs.

Fourthly, the only way to compel the husband to make a reasonable advance to the wife for counsel, fees, and other expenses, is, by an order of the court granting the divorce. If there is no special allowance, this is always taken into consideration, when a decree for alimony is passed.

CHURCH, Ch. J. The plaintiffs are attorneys and counsellors, who, at the request and retainer of the defendant's wife, prosecuted, on her behalf, a petition for a divorce from him,

for a legal and sufficient cause, connected with a prayer for alimony and the custody of minor children. The petition was fully granted.

New-Haven,
June, 1847.

Shelton
v.
Pendleton.

The claim of the plaintiffs now is, to recover of the defendant, the husband, their reasonable disbursements and fees in the prosecution of that petition.

There was no request or assent, in fact, by the defendant, that his wife should proceed against him, or should employ counsel.

This demand of the plaintiffs has no support from any precedent to be by found us, in this country or elsewhere ; although, the frequency of applications for divorce, it would seem, would have presented occasions for such claims, if it had occurred to gentlemen of the legal profession, that they could find support from any known legal principle. And although this, of itself, is not conclusive against this experiment ; yet it will induce us to hesitate much, before we sanction the doctrines relied upon to support it.

If we regard the uniform practice of our own courts, in divorce cases, as evidence of the law, we shall find in it nothing to sustain this demand, but much to oppose it. When the wife is respondent, and defends herself against the application of her husband, the practice is uniform, in case of her inability, to order him to provide funds for her defence ; but we have never known such aid to be furnished to her, when she was the prosecuting party ; nor has she, in such case, though successful, been considered as entitled to recover the costs ordinarily due to a prevailing party. Her husband, in such case, has never been subjected directly, by her, to any of the expenses of her suit. Can he be subjected at the suit of her attorneys ? It is not difficult, we think, to foresee, that the immediate effect of the principle asserted by the plaintiffs, will be, to multiply applications for divorce, especially in conditions of society, where now they are comparatively few.

The liability of the husband for the contracts of his wife, is imposed, by reason of his assent to, or approval of them ; or, because the law of marriage has imposed upon him the duty of supplying her with necessaries, during the marriage, until she has relinquished or forfeited a right to claim them, by her own voluntary act, misconduct or crime. A wife, in that capacity, can no more bind her husband, by her acts, than a

third person can do so ; although an agency or assent may be, and often is, more readily presumed, from the acts and condition of a wife, than in ordinary cases. The relation between husband and wife is intimate ; in many cases, their wants and duties are equal and common ; so that where these exist, the act of one may well be presumed to be the act of both. And where there is a moral duty imposed upon the husband to do what his wife has done, there is no difficulty, generally, in presuming his assent in fact ; and where there is a legal duty, the law is said to imply a promise by him, to perform it. *Benjamin* v. *Benjamin,* 15 *Conn. R.* 348.

The facts, in the present case, repel all presumption of an assent or authority, by the husband, to the employment of these plaintiffs in this service. They were employed by the wife, for her sole purpose, in opposition to her husband's interest, and gave credit, in reality, to her alone. This we see, by the facts reported by the auditors. And we are convinced, by these facts, that the plaintiffs looked for payment to the wife alone. They may have resorted to the formality of charging their fees and disbursements to the defendant ; but if so, it was only that they might, with greater hope, resort to the experiment of this action. And it is well settled, and for good reasons, that if the credit be in fact given to the wife alone, the presumption of a contract obligatory upon the husband, expressed or implied, is repelled. In such case, the plaintiffs must be considered as relying upon the honour of the wife, or as having acted gratuitously. *Metcalfe* v. *Shaw,* 3 *Campb.* 22. *Bentley* v. *Griffin,* 5 *Taun.* 356. (1 *E. C. L.* 131.) *Clancy* 26. *Addison on Con.* 617. 2 *Kent's Com.* 123.

There having been, as the auditors report, no contract—no assent or authority in fact, by this defendant, authorising this claim ; we are left therefore to examine, whether by the marriage, a marital obligation was imposed upon him to pay it. And here we must look to the common law alone, as we have received it, for such an obligation ; and cannot be influenced, by any amount of public opinion, which modern modes of life and manners may have introduced into society. By this law, the defendant is liable only for *necessaries,* which the plaintiffs have provided for his wife. This court, hitherto, has not been disposed to adopt into our law, doctrines which sanction separate and conflicting interests between husbands

and wives, and which encourage the independence of the wife, while the marriage continues.

The common law defines necessaries, to consist only of necessary food, drink, clothing, washing, physic, instruction, and a competent place of residence. *Whitingham* v. *Hill*, *Cro. Jac.* 490. *Clancy* 23. 2 *Kent's Com.* 124. And we know of no case, which has professed to extend the catalogue of necessaries, unless it be *Shepherd* v. *Mackoul*, 3 *Campb.* 326. That was an action by an attorney to recover of a husband a bill for assisting his wife to exhibit articles of the peace against him. And Lord *Ellenborough* said, that the defendant's liability would depend upon the necessity of the measure; and if that existed, she might charge her husband for the necessary expence, as much as for necessary food or raiment. It is manifest, that the court considered that case as falling, literally, within the established doctrine of the common law on this subject—the necessity of preserving the life and health of the wife.

The duty of providing necessaries for the wife, is strictly marital, and is imposed, by the common law, in reference only to a state of coverture, and not of divorce. By that law, a valid contract of marriage was and is indissoluble, and therefore, by it, the husband could never have been placed under obligation to provide for the expenses of its dissolution. Such an event was a legal impossibility. Necessaries are to be provided, by a husband for his wife, to sustain her as his wife, and not to provide for her future condition as a single woman, or perhaps as the wife of another man. It was on this principle, that the aforesaid case of *Shepherd* v. *Mackoul* was decided; and the latter case of *Ladd* v. *Lynn*, 2 *M. & W.* 265, in which it was holden, that a husband was not liable for expenses, incurred by the wife, in procuring a deed of separation, proceeded upon the same principle.

It is unnecessary for us to review the many cases in the books, and to which we have been referred on this argument, in which the husband's liability for necessaries has been recognised and enforced. They are all unlike the present, in this fundamental and distinguishing particular; the expenses were incurred to secure the present necessities of a wife, and not to provide for the future and ultimate convenience or supposed happiness of a divorced woman. Indeed, it cannot

be said truly, that divorces, to the extent allowed by our law, are matters of necessity ; but rather of privilege and favour.

The plaintiffs' claim derives no strength from the additional fact, that the application for divorce was connected with a claim for the custody of the minor children. The defendant was bound to support these children, while under his care and controul ; but not to defray the expenses of an unwilling separation from them, amounting to an emancipation from his parental authority and protection. There has not yet been such an extended obligation of the common law—obligation of parental support.

Upon the facts found by the auditors, we shall advise the superior court that this action cannot be sustained.

In this opinion the other Judges concurred.

Judgment for defendant.