TEBBETS *v.* HAPGOOD, *alias* WEST.

The husband is bound to pay for necessaries furnished to the wife, unless he has made other suitable provision for her, and the burden of proof is on him to show that he has made such provision.

ASSUMPSIT, for medical services alleged to have been rendered for the defendant's wife, Esther West. The defendant denied that Esther West was his wife, and, if she were, that the services were rendered under such circumstances as to make him liable.

The plaintiff offered evidence tending to show that the defendant had cohabited with the said Esther West, and acknowledged her to be his wife some time before the services were rendered. The defendant asked the court to instruct the jury that the plaintiff must show that the defendant did not provide for his wife, at home or elsewhere, and that the plaintiff gave the defendant notice that said Esther was sick, and that he should look to the defendant for pay. This the court declined to do, and instructed the jury that cohabitation or acknowledgment by the defendant was competent evidence of the marriage; that proof of the marriage and that the articles were necessaries suitable to the husband's condition in life, is *primâ facie* evidence of the husband's liability, and it rests on him to rebut the presumption in law arising from the obligation of such relation to pay for such expenditures or services. To this the defendant excepted.

A deposition taken in New-York was offered by the plaintiff, with no other evidence that the person who acted in taking it was a magistrate, except the fact that he so acted, and signed his name as such. The court held this to be *primâ facie* evidence that the person so signing was legally empowered to act as a magistrate. To this ruling the defendant excepted.

After the plaintiff had offered evidence tending to prove the marriage, the defendant offered the deposition of Esther Bailey, to which the plaintiff objected that she was the wife of the defendant, and referred to the depositions used in the case as

Tebbets *v.* Hapgood.

proving her to be so. No evidence was offered to the court on this point by the defendant except said Esther's deposition. The court declined to receive her deposition on the question, and upon the other evidence ruled her deposition to be unimportant, because she was the wife of the defendant. To this ruling the defendant objected. The jury rendered a verdict for the plaintiff. The defendant then filed his bill of exceptions, which was allowed by the court, and contains the foregoing case.

*Upton*, for the plaintiff.

*Bunker*, for the defendant.

PERLEY, C. J. The husband is bound to maintain his wife suitably, and according to his circumstances in life, while they cohabit; and if they separate by mutual consent, and he make no provision for her, she will carry with her authority to pledge his credit for her maintenance. Clancey on Husband and Wife 28; *Pidgin* v. *Cram*, 8 N. H. 351; *Allen* v. *Aldrich*, 9 Foster 73. And so if the husband turn the wife out of doors, without fault on her part, she carries a like credit with her to charge the husband for her support. Clancey 28; *Allen* v. *Aldrich*, 9 Foster 73. And the burden of proof is on the husband to show that he has made other suitable provision for the wife, or that he has turned her away for sufficient cause. *Pidgin* v. *Cram*, 8 N. H. 351; *Allen* v. *Aldrich*, 9 Foster 73.

The instructions of the court on the nature of the evidence required to prove the marriage, and on the liability of the husband for the wife's maintenance, appear to have been entirely correct.

By the 24th printed rule of the court, " where oaths are administered, or depositions are taken abroad, to be used in this State, by a person acting as a justice of the peace, notary public, or commissioner, and the oath is certified upon any paper to be used in evidence in this State, the fact that the person has signed his name in either of the said capacities, and has affixed

his seal, where one is required, to the deposition or caption, or other paper offered in evidence, will be received as *primâ facie* evidence that he is legally empowered so to act." The ruling of the court, admitting the deposition taken in New-York, was according to the rule, and correct.

The court have power to determine all matters of fact necessary to decide interlocutory questions raised on trial. The Court of Common Pleas, on the evidence before them, decided, as matter of fact, that the witness was wife of the defendant, and that her deposition was therefore inadmissible. The court was no more bound to hear the testimony of the woman, who, the evidence satisfied them, was the defendant's wife, than the testimony of the defendant himself. We do not undertake to decide that the court could not have heard the testimony of the defendant's wife, or the testimony of the defendant himself, on a question of fact like this ; but we think there is no ground to disturb the verdict because the court exercised their discretion the other way and rejected the evidence.

*Judgment on the verdict.*