## MORRISON *v.* HOLT.

A husband is not liable to an attorney for professional services rendered his wife in prosecuting a libel for divorce against him, upon the ground of his adultery.

ASSUMPSIT, brought to recover the amount due the plaintiffs for professional services rendered to Ruth S. Holt under the following circumstances :

Ruth S. Holt, the defendant's wife, applied to the plaintiffs to aid her in procuring a divorce from the defendant, upon the ground of adultery.  A libel for divorce was duly filed and served upon the defendant, and testimony taken ; but before a decree of divorce was made, the parties came together, and have been and still are living together as they were before the filing of said libel ; and thereupon said libel was dismissed.  It is agreed that the charges which the plaintiffs claim are reasonable, and that the said Ruth S. Holt had good ground of divorce.

If, upon the foregoing state of facts, the plaintiffs are entitled to recover, judgment is to be rendered for them as upon default for the amount of their bill; otherwise for the defendant for costs.

*Morrison & Stanley*, for the plaintiffs.

The services rendered the defendant's wife come within the provisions of the law where the wife is authorized to pledge the credit of the husband. It is settled in this state that where the wife employs counsel to aid her in procuring the husband to be bound over to prevent a breach of the peace, the husband is liable for such services. *Morris* v. *Palmer*, 39 N. H. 123. If the husband is liable in that case, we can see no reason why he should not be liable in a case like that at bar. He is bound to provide her a suitable home, and he is as much bound so to conduct that she shall enjoy that home in peace and quietness; and if, by any act of his, he disturbs that peace and quietness, so that she is compelled, to save her honor, to leave her home, she ought to carry his credit with her. It has been held in England that the husband is liable to pay the expenses of a proctor in procuring a divorce. 34 E. L. & E. 214. And we can see no good reason why such should not be held to be the law in this country.

*Cross & Topliff*, for the defendant.

BARTLETT, J. No precedent has been cited for maintaining an action like the present. The plaintiffs do not show that the defendant's wife had any express authority from him to procure the services for which this suit is brought, and if the defendant is liable for them it must be upon the ground that she had an implied authority to obtain them upon his credit.

"It is a settled principle, in the law of husband and wife, that, by virtue of the marital relation and in consequence of the obligations assumed by him upon marriage, the husband is legally bound for the supply of necessaries to the wife so long as she does not violate her duty as wife." "If he does not himself provide for her support, he is legally liable for necessaries furnished her, even

though against his orders." 2 Smith's L. C. 364. Legal expenses are deemed necessaries where the conduct of the husband has rendered them necessary for the personal protection and safety of the wife. *Morris* v. *Palmer*, 39 N. H. 126; Clancy's Hus. & Wife 52. The authority of the wife, in such cases, is implied, because of the marital relation, and depends upon the necessity of the expenditures for her support or protection as wife.

In order to charge the defendant in the present case, it is not sufficient for the plaintiffs merely to show that the defendant's misconduct gave occasion for the proceedings instituted by the wife, but it must also appear that those proceedings were necessary for the personal protection and safety of the wife. There is no evidence tending to show this: the proceedings were not had for her present or even future support as the defendant's wife, but they were intended to dissolve the marriage contract and release her from the position of wife to the defendant, because of his past misconduct; they looked not to protection from any present or future act of her husband, but merely to the enforcement of a right to a change of future condition, that she claimed had arisen from his previous fault. It has not been the policy of our law to imply from the marital relation any authority in the wife to bind the husband for the expense of such proceedings; her implied authority, where it exists, seems to arise from the relation, if not as an incident essential to its preservation, certainly as a consequence of its continued existence, and not as a power reserved for its destruction. It is said that " it is never necessary for the safety of the wife, as such, to obtain a divorce from her husband or to resist his obtaining one from her." Bishop's Mar. & Div., sec. 571. We need not inquire whether this is true to its fullest extent; the present case shows no such necessity. It is " unlike her exhibiting articles of the peace against her husband, but rather resembles in this

respect a criminal prosecution on her behalf against him for an assault, where he can not be held for her counsel fees and other expenses. Bishop's Mar. & Div., sec. 571. In *Grindell* v. *Godmond*, 5 Ad. & E. 755, as in the present case, the proceedings were founded upon the past misconduct of the husband; yet as they were not necessary to her safety as wife, it was held that she had no implied authority to pledge his credit for them. *Brown* v. *Ackroyd*, 34 E. L. & E. 217, is not an authority to support the plaintiff's claim. There the wife had attempted to obtain a divorce *a mensa et thoro* on ground of cruelty, and although the husband was not in fact charged with the cost of that proceeding, the court held that obtaining a decree for a separation was as proper means of protection against personal violence as exhibiting articles of the peace. Whether it would be so held under our practice in case of a suit for divorce upon the ground of extreme cruelty, we need not inquire. In *Brown* v. *Ackroyd*, the authority to procure the services was held to arise not upon the mere ground of the wife's right to a divorce, but because a decree of separation was deemed under the English practice necessary means for her protection from personal violence, where she had been treated with such cruelty as justified her in appealing to the ecclesiastical court. The same distinction has been recognized elsewhere. *Williams* v. *Monroe*, 18 Ken. 518. We find these views supported by the decisions in other jurisdictions. *Shelton* v. *Pendleton*, 18 Conn. 417; *Wing* v. *Hurlburt*, 15 Vt. 607; *Coffin* v. *Dunham*, 8 Cush. 404; *Dorsey* v. *Goodman*, Wright 417; *Johnson* v. *Williams*, 3 Iowa 99; *Williams* v. *Munroe*, *supra*.

Upon the principles of the common law, then, the defendant is not liable in the present case; nor do we think he is made so by statute. It does not follow that because the wife may have a right to a divorce, the husband is bound to furnish the means to obtain it. Our practice as to the provision of means for the wife during

the pendency of a suit for divorce differs somewhat from that in England. In this state " it has not been the practice of the court in such cases to allow costs, as such, to either party, except partially, in some instances, by interlocutory orders. If the wife is libellant and prevails, her expenses are usually considered in awarding her alimony." Where the husband applies for a divorce, under certain circumstances, small sums have been ordered to be paid to the wife to enable her to make her defense. *Morris* v. *Palmer*, 39 N. H. 128 ; *Parsons* v. *Parsons*, 9 N. H. 319 ; *Coffin* v. *Dunham*, 8 Cush. 405. If, then, under the settled practice of the court, the husband has not been held bound, by any implication from the statute, to furnish directly to the wife the means to procure a divorce, there is no reason to hold that he can be compelled to do so indirectly by any inference from the same statute. We see no legal ground upon which the defendant can be held liable in this action, and there must be

*Judgment for the defendant.*