## RAY *v.* ADDEN.

A husband is not liable to an attorney for professional services rendered his wife in defending a libel for divorce by the husband against her upon the ground of her adultery, even though such defence may prove successful.

ASSUMPSIT, by Ossian Ray against Edward F. Adden, for professional services rendered defendant's wife at her request.    Defendant commenced a libel for divorce against his wife, for the alleged cause of adultery, which was entered in court at July term, 1866, for Coös county, and continued from term to term until the March adjourned term, 1870, when, upon hearing, said libel was dismissed without prejudice.    At the July term, 1867, on application of the libellee, an allowance of thirty dollars was granted her by the court to aid her in defending said libel, which was paid by the defendant.    Plaintiff claims and offers to prove that from the time of filing said libel, said defend-

ant's wife has been and is destitute of property and unable to pay her counsel, who has received nothing towards his services and advances except said thirty dollars. The services of counsel were necessary in defending the libel, and plaintiff's claim is wholly for such services and advances. The defendant never employed the plaintiff nor agreed to pay said claim; but the plaintiff contends that defendant is bound to pay the same as for necessaries provided for his wife.

It was agreed that after the opinion of the court should be obtained on the foregoing case, it might be discharged and tried by the jury if either party so elect.

Questions of law reserved for the whole court.

*Ray & Ladd*, for plaintiff.

*Fletcher, Heywood & Crawford*, for defendant.

SARGENT, J. The liability of the husband upon the contracts of his wife must rest either upon the ground of his assent, or approval of the same, or because the law of marriage has imposed upon him the duty of supplying her with necessaries during the marriage, until she has relinquished or forfeited a right to claim them, by her own voluntary act, misconduct, or crime.

The case finds that here was no promise or assent on the part of the husband to pay this plaintiff, and this claim is put upon the ground of necessaries.

That the husband is liable for necessaries thus furnished to the wife, such as necessary food, drink, clothing, washing, physic, instruction, and a suitable place of residence, with such necessary furniture as is suitable to her condition, there is no doubt. *Whittingham* v. *Hill*, Croke Jac. 494; *Hunt* v. *DeBlaquiere*, 5 Bing. 550; 2 Smith's L. Cas. 364; *Morrison* v. *Holt*, 42 N. H. 478.

It is also held in *Shepard* v. *Mackoul*, 3 Camp. 326, where the wife exhibited articles of the peace against her husband, and employed an attorney to assist her, that the husband would be liable to such attorney for such services, provided such measures were necessary.[*] If the conduct of the husband was such that she must necessarily resort to such measures in order to preserve life and health—to protect herself from imminent danger to life or limb or health[†]— then the necessity existed. To the same effect are *Shelton* v. *Pendleton*, 18 Conn. 417; *Morris* v. *Palmer*, 39 N. H. 123; *Smith* v. *Davis*, 45 N. H. 566–70, and cases cited.

---

[*] And the same rule seems to have been applied in *Warner v. Heiden* (Wis.), where the husband failed to sustain his complaint to compel his wife to give sureties to keep the peace; and see 20 W. R. 252. REPORTER.

[†] See *Harris* v. *Lee*, 1 Peere Wms. 482–483, for a marked illustration of the rule in Equity;—see also *Marlow* v. *Pitfield, id.,* 559. REPORTER.

In this case the husband applied for the divorce on the ground of the adultery of the wife. She opposed the granting of the divorce, and employed plaintiff, who rendered her the necessary aid in making her defence; and the case finds that he so far succeeded in the defence as to procure the libel to be dismissed without prejudice.

This entry, "dismissed without prejudice," indicates that the libel was *not* dismissed upon the *merits* of the case, upon the ground that the evidence showed the libellee to be innocent of the charge made against her, but for some insufficiency in the allegations, or in the service of the libel (see rule 4, June adjourned term, 1865), where it might be proper to allow the libellant to bring a new libel for the same cause. This would not be done in any case where the evidence showed the libellee to be free from fault and from suspicion. Therefore the fact of this entry shows that the libellant failed upon some technical point in the case, rather than that the libellee succeeded in proving her innocence of the charge made against her.

But however that may be, it would certainly be a new discovery if the attorney for the libellee has a valid claim against the husband for the services thus rendered the wife. The court has long been in the habit of granting aid to the libellee in such cases, when they apply and furnish the proper evidence, by way of interlocutory order, by making an allowance to the wife to aid her in making a defence. When the wife is the libellant, it is not customary to make her any allowance in that way, but to consider the matter of her necessary expenses, in awarding alimony.*

But when the wife is libellee, such allowances are made, and the husband is ordered to pay to his wife some reasonable sum to assist her in making defence. This has been done, because it was supposed to be the only way in which the husband could be compelled to defray the wife's necessary expenses: neither party by our practice recovers costs in a divorce case. But no interlocutory order in such a case could be necessary, if the husband is liable to the attorney of the wife for all such services as he may render. The order which the court made in this case was a work of supererogation. The libellee's counsel might as well recover the whole in one suit, as to obtain an order of court for part, and be obliged to sue for the residue.

One thing is very certain, that the court never understood that the counsel could recover for his services against the husband of the libellee in such a case, else they would not have been making orders of allowance to the libellee to enable her to make her defence. She could make such defence without such aid if she could charge her husband with the whole expense of her defence. We think the authorities fully justify the court in the views they have taken, and are decisive to the point that the plaintiff in this case cannot recover. The reasoning in *Morrison* v. *Holt,* 42 N. H. 478, where it was held that the

---

* See 49 N. H. 7 (reporter's note), as to manuscript opinion by GIL-
CHRIST, C. J.                                        REPORTER.

husband was not liable to the wife's counsel for services rendered her in obtaining a divorce from her husband on the ground of his adultery, is much of it equally applicable here.   To the same point is *Johnson* v. *Williams*, 3 Iowa 97, and *Shelton* v. *Pendleton*, 18 Conn. 417.

And in BISHOP on Mar. and Div., sec. 571, it is said that the husband is not "liable to the legal adviser whom she (the wife) may employ, either in prosecuting or defending a divorce suit." The reason stated is, that she cannot bind her husband for anything unless it be necessary for her safety ; and he adds, " But it is never necessary for her safety, *as wife*, either to obtain a divorce from him, or to resist his obtaining one from her."

And in *Coffin* v. *Dunham*, 8 Cush. 404, it is expressly held that a husband is not liable for services rendered to his wife by a counsellor at law, in successfully defending her against a libel for divorce filed against her by her husband.   This would seem to be directly in point; and so is *Wing* v. *Hurlburt*, 15 Vt. 607.   It seems that Hurlburt and his wife had filed cross libels for divorce, and that Wing had been counsel for the wife in both cases, and made his charges in the case in which she was libellant, and also in the case in which she was libellee, and sued the husband for both these classes of items.

WILLIAMS, C. J., in the opinion, says : " But to dissolve the bonds of matrimony between them on her request, or to resist his petition for that purpose, cannot be considered as necessary for her safety or preservation, so as to enable her to procure professional assistance therefor on his credit and at his cost." " No case," he says, " is found where this was ever attempted."

But in this State both have now been attempted, the one in *Morrison* v. *Holt*, 42 N. H. *supra*, and the other in this case; and our judgment s that, as in the former case so in the latter, the attempt must fail.

Unless the case is discharged according to its terms, there must be

*Judgment for the defendant.*