COOPER & A. *v.* ALGER.

Under the provisions of Gen. Stats., ch. 164, sec. 1, married women *shall* hold all property at any time earned by them, to their sole-use, free from the interference or control of any husband.

Money due to a married woman for services rendered after the passage of that statute, is her property, whether it be due on account or on note, just as much as though it had been paid in money.

In a suit to recover for such earnings of the wife, the husband should not join as plaintiff, and if he do so it will be a sufficient cause for nonsuit.

ASSUMPSIT, by George W. Cooper and Emily A. Cooper, his wife, against Stillman F. Alger. Writ dated December 19, 1868. The declaration, as amended, is as follows: " In a plea of the case, for that the defendant, at said Jaffrey, on the day of the date of the writ, was indebted to the plaintiff in the sum of fifty dollars, for labor and services done and performed by the said Emily A. Cooper for the defendant at his request, and in consideration thereof, then and there promised the plaintiffs to pay them the said sum ; yet, though requested, has never paid the same, to the damage of the said George W. and Emily A. Cooper, as they say, the sum of seventy-five dollars." Plea, the general issue.

The plaintiffs introduced testimony tending to show than on May 18, 1868, the defendant engaged George W. Cooper to work for him at $25 per month; that the defendant proposed to George W. Cooper to hire his wife also ; that George said he would not " let " his wife, nor make any bargain, nor take any pay for her services, but that she could make such bargains as she pleased, and do what she pleased with her pay ; that the defendant then had a conversation with Mrs. Cooper, and told her that he wanted her to work for him, and begin that day ; that he asked Mrs. Cooper what she would work for; that Mrs. Cooper told the defendant she would go to work for him, but would not decide on the price at that time ; that Mr. and Mrs. Cooper began to work for the defendant that day, and continued in his service till about October 1, no price ever being agreed on for Mrs. Cooper's services. Mrs. Cooper was employed as housekeeper, and to do most of the manual labor in the house.

A motion for a nonsuit was, *pro forma*, overruled, subject to exception. The defendant then introduced testimony.

Verdict for the plaintiffs. The defendant moved to set aside the verdict, and also moved in arrest of judgment. The case was reserved.

*Wheeler & Faulkner*, for the defendant.

I. This case raises the question of the proper construction of section 1, chapter 164, General Statutes.

If the claim of Mrs. Cooper to the value of her personal services can be fairly treated as " property earned by her," then, under the authority of *Whidden* v. *Coleman*, 47 N. H. 297, and *Baker and wife* v. *Haskell*, 48 N. H. 426, she must sue alone.

No good reason suggests itself why the legislature should have drawn a distinction between earnings not yet reduced to possession, and earnings actually paid over and invested in other species of property. Prior to the enactment of the General Statutes, married women held to their own use " all property at any time acquired," &c.

In the General Statutes, the legislature intended to secure to the wife her earnings, as well as her property acquired from other sources, and, in accordance with the tendency of previous legislation, to place the wife, so far at least as rights to property are concerned, upon an equal footing with the husband.

II. At common law, the husband must sue alone for the work and labor of his wife.　1 Chitty's Pleadings 30 ; 1 Salkeld 114 ; Comyn's Digest, Baron and Feme, W.

III. There is a variance between the declaration and the proof: the declaration alleges a promise to husband and wife ; the evidence is of a contract with, and a promise to, the wife alone.

*Lane & Healey*, for the plaintiff.

I. The husband was properly joined with the wife. The common law doctrine is, that when the wife is the meritorious cause of action, she may be joined with her husband, or he may sue alone.　1 Ch. Pl. 30.　The evidence introduced tended to show that the services rendered by Mrs. Cooper were such as required special fitness to perform. As housekeeper, she superintended all the internal arrangements of a large family.　To what extent, if any, has the common law rule been changed or modified by statute ?　Under the statutes of 1846, 1860, and 1865, the court have held that the personal earnings of the wife vested solely in the husband, and were to be recovered by him under the common law practice.　*Hoyt* v. *White*, 46 N. H. 45.　Gen. Stats., ch. 164, sec. 1, vests " all property at any time earned" by her in the wife.　The natural and reasonable inference from this language is, that these earnings must be reduced to the wife's possession before they shall vest solely in her.　In *Whidden* v. *Coleman*, 47 N. H. 297, the wife's possession was complete.　Mrs. Cooper's earnings having never been reduced to her possession, they may be considered as a chose in action, to be recovered by herself and husband jointly.　We claim that the statute of 1860, and ch. 164, Gen. Stats., are broad enough to cover this ground.　Sec. 13, ch. 164, Gen. Stats., provides that every married woman " *may* sue and be sued in her own name," with reference to her own property as if sole.　The same language is also used in the statute of 1860.　Laws of 1860, ch. 2342, sec. 3.　These remedies are in addition to those prescribed by the common law, and are incumulative in their nature. *State* v. *Wilson*, 43 N. H. 415. If the legislature had intended that the wife must be compelled to sue and be sued

in her own name exclusively, with reference to her own property as if sole, the language used in the statute of 1846 would have been retained in the statute of 1860 and General Statutes. That statute prescribed that a married woman ·"*shall*, in respect to all such property, have the same rights and be entitled to the same remedies in her own name at law and in equity, and be liable to be sued at law and in equity," as if sole. Comp. Stats., ch. 158, sec. 15. The statute of 1846 compelled a married woman to sue and be sued, as to her own property, in her own name as if sole, while that of 1860 and General Statutes make it a matter of discretion to sue and be sued alone, or to be joined with her husband. The ordinary rules of construction are to the same effect. Gen. Stats., ch. 1, sec. 2; *Robinson* v. *Tuttle*, 37 N. H. 243; 1 Bl. Com. 59. No good reason suggests itself why a different construction should be adopted. If, in the statute of 1860, through mistake, the word "may" was employed by the legislature to express the same idea as is expressed by the word "shall" in the statute of 1846, the legislature had ample time to amend it before the adoption of General Statutes, and would have done so. Under the construction claimed, the defendant cannot possibly suffer any prejudice.

II. If the husband is properly joined, the variance is not fatal.

SARGENT, J. At common law the general rule is, that the wife cannot join in an action upon a contract made during the marriage, as for her work and labor, goods sold, or money lent by her during that time, for the husband is entitled to her earnings, and they shall not survive to her, but go to the personal representative of the husband, and she could have no property in the money lent or the goods sold. 1 Ch. Pl. 30. One exception is stated, that where the wife is the meritorious cause of action, as where a bond or note is given directly to her, or to her with her husband, or if she bestow her personal labor and skill in curing a wound, &c., she may·join, or she shall sue alone. Id. 30.

It is not easy to see, if the personal services and earnings of the wife belonged to the husband, as they are held to do, why the curing of a wound by her would stand upon any different ground from any other services or labor of the wife. The products of her skill would belong to her husband just as much as the products of any other labor of hers, and it is difficult to see how the right to recover pay for such services should survive to the wife in case of the death of the husband, any more than for the ·pay for other services. And it must be upon that ground alone that she should be joined with her husband, viz., that the right of action and of property would survive to the wife in case of the husband's death. But such is the doctrine of the old authorities.

Now admitting such to be the law, and that at common law they might be joined in this case, still the main question here seems to be, whether, even then, under our statute, the wife should not have sued alone. After the decision in *Hoyt* v. *White*, 46 N. H. 45, that under

the acts of 1846 and of 1860 (and the act of 1865 made no change in that regard) the personal services and earnings of the wife belonged to the husband, and after that decision was published, in 1867, the legislature changed the law in that regard. See Gen. Stats., ch. 164, by enacting sec. 1, that " every married woman *shall* hold to her own use, free from the interference or control of any husband she may have, all property at any time earned, acquired, or inherited by, bequeathed, given, or conveyed to her, either before or after marriage," &c.; and in sec. 13, by providing that " every married woman, holding property in her own right, shall have the same rights and remedies in relation thereto, and may sue and be sued in her own name at law and in equity, upon any contract by her made, or for any wrong by her done, in respect to such property," &c.

In this case the question is, whether this claim of the wife against this defendant is *property* which she *shall* hold to her sole use, &c., under sec. 1. If the defendant had paid her the money for her services, that would have been property which she shall hold to her sole use. But suppose he had given her his promissory note for the amount, would that have been any the less property than the money ? and is the account in its present form any less property than a note would be ? Notes and all other choses in action are personal property. *Fling* v. *Goodall*, 40 N. H. 208, 215, 218. And we think this claim was the wife's property, just as the money would have been had it been paid to her.

The design of the statute evidently was to make her earnings her sole property, in whatever form they or the avails of them might exist, either as due her on account or by note, or if paid in money, or in any other property or estate, real or personal, purchased with that money, or by sale of such note or account. This property, then, she *shall* hold to her sole use, free from the interference or control of any husband she may have. This, then, being property which she *must* hold to her sole use, and having the same powers and rights conferred upon her to sue and be sued that any other single individual has, why should she join with herself as plaintiff another person who had no interest whatever in this claim, or any control over it ? And why not as well join her brother, or any other friend, or any stranger even, as her husband ? He had no interest in the claim; he had and could have no control over it. He could not reduce this property to his possession, and while his wife lived he could acquire no right in or to it, and when she died the cause of action would not survive to him as her husband, but the right of action and the right to the property must pass to her legal representative, her administrator, who might or might not be her husband; and if the husband should be the administrator, he must prosecute the suit and hold the property as such, and not as her surviving husband. *Pettingill* v. *Butterfield*, 45 N. H. 195; *Whidden* v. *Coleman*, 47 N. H. 297 ; *Saltmarsh* v. *Candia* (*ante* pp. 71, 73, 77).

The motion for nonsuit should have been granted. The verdict is set aside, and the plaintiff must be

*Nonsuit.*