DREW'S APPEAL. { June 14, 1876.

*Probate appeal—Guardian—Husband and wife.*

When the wife stands in need of a guardian, and the husband is otherwise a suitable person for that trust, the intimate and confidential nature of the marriage relation requires that he should be preferred to a third person.

FROM STRAFFORD PROBATE COURT.

APPEAL from the probate court. The facts sufficiently appear in the opinion of the court.

*Small*, for Nicholas Drew, appellant.

*F. Hobbs*, for Ephraim Jenkins.

SMITH, J. The appellant presented his petition to the judge of probate, praying that his wife, Hannah Drew, might be decreed an insane person, and that he or some other suitable person might be appointed her guardian. A committee to make inquisition was appointed, who reported that she was insane. Upon that report the judge of probate decreed her insane and in need of a guardian. Thereupon Ephraim Jenkins, her nephew, who had some years before written her will, in which he was named her executor, petitioned the probate court to be appointed her guardian. Both petitions were heard by the judge of probate, and the prayer of each petition was denied by him. From this decree upon his own petition, refusing to appoint him guardian, Mr. Drew appealed.

A large amount of testimony has been taken by the appellant, of neighbors and persons acquainted with him and his wife. He has also produced the evidence of several of the relatives of himself and wife. And considerable testimony has been taken by Mr. Jenkins. The defence is based upon two grounds : 1st, that Mr. Drew is not a suitable person to be guardian of his wife ; and 2d, that Mr. Jenkins, having had charge to some extent of her money, and being named executor of her will, and being her nephew and one of her prospective heirs at law (she never having had any children), is a proper person to be appointed her guardian. The appellant claims that being her husband, and the guardian being entitled to the custody of the person of his ward, he, as husband, if otherwise a suitable person, is entitled to be appointed. The principal controversy, however, has been as to his fitness for that trust.

Of the fitness of the appellant to be guardian of his wife the evidence leaves no room for doubt. It appears that they have been married more than thirty years, and that the relations between them during their whole married life have been harmonious. He has often been entrusted by her with her money, which he has expended agreeably to her wishes ; and she has frequently contributed towards the family expenses. It nowhere appears that he has failed in his duty, so far as lay in his power, to promote her comfort and happiness; and so far as he has been entrusted with the care of her property, he appears to have managed it in her interests, and with proper discretion.

While, therefore, the evidence shows him to be a fit person to be guardian of his wife, there are stronger reasons why he should be appointed. By statute it is made the duty of the guardian to take care of the person and estate of his ward. Gen. Stats., ch. 165, sec. 3. How far this would authorize the guardian to exclude the husband from the custody of his wife's person it is unnecessary to inquire, but undoubtedly he would have authority to do so, so far as might be necessary to enable him to take suitable care of her person ; otherwise he would be unable to perform a duty enjoined by statute. But the marriage relation, in most respects, is superior to that of guardian and ward, or parent and child : it is the most intimate and confidential of

all human relations, and has always been sanctioned and protected by both human and divine law.

In *Fremont* v. *Sandown*, 56 N. H. 300, it was held that the marriage of a female infant prevents her taking an after acquired settlement of her father under the statute. When such a case shall arise, it may be found that the marriage of a female infant would operate to extinguish the guardianship over her, so far as the custody of her person by the guardian is concerned, and would vest it in her husband. With the exceptions which modern legislation has introduced, the legal existence of the wife is by the common law incorporated into that of her husband, under whose protection and care she performs everything. The law imposes upon him her support, and makes him responsible for the debts she contracts for necessaries during coverture, and liable for the torts she commits. It also entitles him to the society of his wife, and certain interests in her property. No disease or misfortune on her part will release him from these obligations, and in no tribunal has the law vested the authority to strip him of those rights without his fault.

In *Dartmouth College* v. *Woodward*, 4 Wheat. 518, Judge Story denied the power of a legislature to dissolve even the marriage contract, without a breach on either side and against the wishes of the parties. He said,—"A dissolution of the marriage obligation, without any default or assent of the parties, may as well fall within the prohibition of the constitution as any other contract for a valuable consideration. A man has as good a right to his wife, as to the property acquired under a marriage contract ; and to divest him of that right without his default, and against his will, would be as flagrant a violation of the principles of justice as the confiscation of his estate." 1 Kent's Com. 417.

I have said this much only for the purpose of showing that there are the strongest reasons why the husband should be preferred to a stranger for the trust of guardian over the wife. No conflict can then arise as to how far the guardian may interfere with the husband's right to the care and society of his wife, and there will be no danger of interrupting the harmony of relations, which, as in this case, have existed till old age has overtaken the parties. But notwithstanding all these considerations, whenever the husband, through his own fault or through misfortune, shall become unable or unfit to care suitably for the safety or comfort of his wife, and she shall stand in need of a guardian for that purpose, some one else must step in and perform, as far as may be, those duties.

I am of opinion the decree of the probate court appealed from should be reversed, and Nicholas Drew be appointed guardian.

Cushing, C. J., and Ladd, J., concurred.

*Decree of probate court reversed, and appellant to be appointed guardian.*