## KUPELE *vs.* B. H. KAHANANUI.

### ASSUMPSIT. BEFORE JUDD, J.

### OCTOBER TERM, 1877.

If credit for necessaries is given solely to the wife, the husband is not responsible.

### DECISION OF JUDD, J., ON MOTION FOR NEW TRIAL.

The Court in this case charged the jury that if they found that the plaintiff gave credit solely to the wife, they could not hold the defendant liable. This charge was not excepted to.

Schouler, on Domestic Relations, page 83, states the law to be that "In all cases the husband will be discharged from liability where it appears that the goods were not supplied in his credit, but that the party furnishing them trusted the wife individually." The cases cited are: *Metcalfe vs. Shaw*, 3 Camp., 22; *Bentley vs. Sniffen*, 5 Taunton, 356; Addison on Contracts, 617; 2 Kent's Commentaries, 123, in which it is held that "If credit is given to the wife, the husband is not liable, though the wife lives with him; and the plaintiff having once given credit to the wife, could not shift his claim so as to charge the defendant." 1 Carr. & Payne, 116.

In *Shelton vs. Pendleton*, 18 Conn. 422, the Court say: "It is well-settled and for good reasons, that if credit be, in fact, given to the wife alone, the presumption of a contract obligatory upon the husband, expressed or implied, is repelled. In such case, the plaintiffs must be considered as relying upon the honor of the wife, or as having acted gratuitously."

In the case before the Court, the wife was living apart from her husband, and this had been the case for many years, and this was known to the plaintiff; and he admits he gave credit to the wife when he supplied her with the goods in question. He says in his testimony that in 1873 he delivered to defend-

ant's wife 128 bundles of pai ai at $1 a bundle; that she paid him $40 on account; that he thought she would pay him, and he trusted her. Did not think of the husband for payment, and it appeared in evidence further that the claim in question was never presented to the defendant until May of this year. His evidence as to the plaintiff trusting the wife solely was not contradicted or rebutted; nor could it well be, coming as it did from the plaintiff himself.

Now, if the tradesman cannot recover of the husband if, as a matter-of-fact, he trust the wife and not the husband, even if they be living together, when the presumption of the wife's agency exists, much less can he recover when they are living apart, when the presumption of agency ceases and the burden of proving authority is upon the tradesman.

It seems to me that this view is not opposed to the Code, Sec. 1286, which is but the common law on this subject. The husband cannot be made liable unless in fact he is trusted and his credit relied upon, and the tradesman may act in a way that will absolve a husband from his statute liability.

As the verdict of the jury is contrary to the law as charged by the Court, and directly contrary to the uncontradicted evidence in this case, it must be set aside and a new trial granted, which is ordered accordingly.

*R. F. Bickerton,* for plaintiff.

*C. Brown,* for defendant.

Honolulu, October 23d, 1877.