Cheshire
No. 94-735

## CHESHIRE MEDICAL CENTER

v.

## RACHEL R. AND ROBERT W. HOLBROOK

August 25, 1995

*Franklin H. Hopkins*, of Keene, by brief and orally, for the plaintiff.

*Rachel R. Holbrook* and *Robert W. Holbrook, pro se,* filed no brief.

JOHNSON, J. This interlocutory transfer without ruling from the Superior Court (*Mangones*, J.) poses several questions relating to the common law doctrine of necessaries, under which a husband is bound to pay for necessary medical services furnished to his wife. We hold that a husband or wife is not liable for necessary medical expenses incurred by his or her spouse unless the resources of the spouse who received the services are insufficient to satisfy the debt.

The facts are not in dispute. In March 1993, the defendants, Rachel R. Holbrook and Robert W. Holbrook, were married and

shared a residence. During this time, Mrs. Holbrook received medical services from the plaintiff, Cheshire Medical Center. Cheshire Medical Center charged her $7,080.40 for her treatment. Mrs. Holbrook, who was subsequently incarcerated, could not pay the amount due. She offered to pay the medical center ten dollars each month until her release from prison in 1996, at which time she would "make more substantial payments, provided [she is] in good health and working."

Dissatisfied with this proposed payment schedule, Cheshire Medical Center filed a petition to attach real property owned by Mrs. Holbrook's husband. During a superior court hearing on the matter, her husband questioned whether the "doctrine of necessaries" remains the law of New Hampshire. The superior court approved a motion by both parties to transfer the issue without ruling to this court.

The transferred questions of law are: (1) whether the necessaries doctrine as articulated in our common law violates the equal protection clauses of the New Hampshire and United States Constitutions, N.H. CONST. pt. I, art. 2; U.S. CONST. amend. XIV, § 1; and if so, (2) whether the doctrine should be abolished; and if not, (3) whether the liability imposed under the doctrine is sole, joint and several, or primary and secondary. We find that as traditionally formulated, the necessaries doctrine is unconstitutional, and should be revised to impose reciprocal responsibilities upon husbands and wives. We also hold that the spouse who receives the necessary goods or services is primarily liable for payment; however, the other spouse is secondarily liable.

## I. The Common Law Doctrine of Necessaries

At common law, upon marriage a woman forfeited her legal existence and became the property of her husband:

> A man has as good a right to his wife, as to the property acquired under a marriage contract; and to divest him of that right without his default, and against his will, would be as flagrant a violation of the principles of justice as the confiscation of his estate.

*Drew's Appeal*, 57 N.H. 181, 183 (1876) (quotation omitted); *see Fremont v. Sandown*, 56 N.H. 300, 303 (1876). "[P]ersonal chattels in possession which belonged to the wife at the time of the marriage, or which fell to her afterwards, became instantly the absolute property of the husband, . . . her choses in action became his . . . by his asserting title to them and reducing them to possession." *Hoyt v. White*, 46 N.H. 45, 46-47 (1865). Moreover, "[t]he

services and earnings of the wife belong[ed] to the husband, as much as his own; in law, they [were] his own." *Id.* at 47. As she had no legal identity, "the married woman's contracts were absolutely void—not merely voidable, like those of infants and lunatics." *Dunlap v. Dunlap*, 84 N.H. 352, 353, 150 A. 905, 906 (1930) (quotation omitted).

Because the wife could not contract for food, clothing, or medical needs, *see id.*, her husband was obligated to provide her with such "necessaries," *cf. Harris v. Webster*, 58 N.H. 481, 482 (1878) (at common law, married woman could not contract because marriage extinguished her "legal personality"; married woman was "under the protection and influence" of her husband). If the husband failed to do so, the doctrine of necessaries made him legally liable for essential goods or services provided to his wife by third parties. *Ott v. Hentall*, 70 N.H. 231, 232, 47 A. 80, 80 (1899); *Morrison v. Holt*, 42 N.H. 478, 479-80 (1861); *Tebbets v. Hapgood*, 34 N.H. 420, 421 (1857). The husband's liability did not exceed his reasonable ability to pay. *See Ott*, 70 N.H. at 232, 47 A. at 80; *Fremont*, 56 N.H. at 303.

In the mid-nineteenth century, the enactment of the married woman's act partly dissipated the marital disabilities of women, *cf.* RSA ch. 460 (1992). The common law preventing married women from retaining their earnings and owning property was abolished. *See Cooper v. Alger*, 51 N.H. 172, 174-75 (1871); *Houston v. Clark*, 50 N.H. 479, 481-82 (1871). In 1951, the legislature finally accorded married women the unrestricted right to contract that they possess today. *See* Laws 1951, 78:1. In 1955, the legislature enacted RSA 546-A:2, which imposes a gender-neutral obligation of spousal support. Laws 1955, 206:1. Despite these developments, the common law rule of necessaries has endured.

## II. Equal Protection

Our constitution guarantees that "[e]quality of rights under the law shall not be denied or abridged by this state on account of . . . sex." N.H. CONST. pt. I, art. 2. In order to withstand scrutiny under this provision, a common law rule that distributes benefits or burdens on the basis of gender must be necessary to serve a compelling State interest. *See LeClair v. LeClair*, 137 N.H. 213, 222, 624 A.2d 1350, 1355 (1993).

We find no compelling justification for the gender bias embodied in the traditional necessaries doctrine.

> [T]he old notion that generally it is the man's primary responsibility to provide a home and its essentials can no longer justify a [law] that discriminates on the basis of gender. No longer is the female destined solely for the home

and the rearing of the family, and only the male for the marketplace and the world of ideas.

*Orr v. Orr*, 440 U.S. 268, 279-80 (1979) (quotation and brackets omitted). The traditional formulation of the necessaries doctrine, predicated on anachronistic assumptions about marital relations and female dependence, does not withstand scrutiny under the compelling interest standard.

Because we find that the common law doctrine violates our State Constitution, we need not engage in a separate federal examination. *See State v. Ball*, 124 N.H. 226, 232, 471 A.2d 347, 351 (1983).

*III. Modification of the Common Law Doctrine*

Having determined that the gender bias in the necessaries rule violates our constitution's equal protection guarantees, we must determine whether the doctrine should be abolished or revised. *Compare Schilling v. Bedford Cty. Memorial Hosp.*, 303 S.E.2d 905, 908 (Va. 1983) (leaving to legislature decision whether to modify necessaries doctrine) *with Memorial Hospital v. Hahaj*, 430 N.E.2d 412, 415-16 (Ind. Ct. App. 1982) (extending necessaries doctrine).

We conclude that imposing a reciprocal obligation on both parties to the marital contract is consistent with the policy underlying New Hampshire's gender-neutral support laws. *See* RSA 546-A:2; RSA 458:19 (1992). Accordingly, we hereby expand the common law doctrine to apply to all married individuals equally, regardless of gender. We also hold that a medical provider must first seek payment from the spouse who received its services before pursuing collection from the other spouse. *Cf. In re Houghton Estate*, 114 N.H. 33, 36-37, 314 A.2d 674, 676 (1974) (under former RSA 8:41-a, patient primarily liable for his medical expenses and his share of decedent's estate only secondarily so).

*Remanded.*

All concurred.