## MICHAEL CUNNINGHAM *vs.* DENNIS REARDON.

If a husband by his cruelty compels his wife to leave him, and makes no provision for her afterwards, and she dies while so apart, he is liable for the reasonable expenses of her funeral, without notice of the death.

CONTRACT on an account annexed for board and lodging furnished to the defendant's wife, and money paid for her funeral expenses.

In the superior court these facts were agreed : At the time of her death, in September 1864, the defendant's wife had been lodged and boarded in the plaintiff's house ever since June 1864, when she was brought there ill with consumption immediately after being compelled to leave the defendant by his cruelty. The defendant, though able to provide for her support, refused to do so after she left him, and never visited her or solicited her to return. When she died, the plaintiff provided at reasonable expense burial for her remains, decent and suitable to the defendant's condition in life, but without giving notice to the defendant of her death, as he might easily have done.

It was not disputed that her separation from the defendant was justifiable; nor did he contest the items of the account for board and lodging; but, as to the items of money paid for funeral expenses, he contended that there was no promise implied by law that he should reimburse the plaintiff for his voluntary payment thereof. But *Putnam*, J. ordered judgment for the plaintiff for the full amount of his account; and the defendant appealed.

*E. J. Sherman*, (*J. K. Tarbox* with him,) for the plaintiff.

*D. Saunders, Jr.*, ( *C. Saunders* with him,) for the defendant.

HOAR, J. The husband who by his cruelty compels his wife to leave him is considered by the law as giving her thereby a credit to procure necessaries on his account; and is responsible to any person who may furnish her with them. This responsibility extends not only to supplies furnished her while living, but to decent burial when dead. Its origin is not merely and strictly from the law making her his agent to procure the articles of

which she stands in need. If it were so, the consequence would follow for which the defendant contends, that the agency would end with the life of the agent. But it is rather an authority to do for him what law and duty require him to do, and which he neglects or refuses to do for himself; and is applicable as well to supplies furnished to the wife when she is sick, insensible or insane, and to the care of her lifeless remains, as to contracts expressly made by her.

Nor is any notice to him requisite, in order to charge him for her funeral expenses, any more than for necessaries to sustain life. The burden is on the plaintiff in either case to prove the existence of the necessity, and that the husband has failed to make provision for it. But when this is established, nothing more is needed to create the liability ; and it would seem to be an idle ceremony to give notice of his wife's death to a man who had refused her the means of sustaining life. The responsibility for funeral expenses is not a new and distinct cause of action, differing in kind, or in the rules by which it is created; but an incident to the obligation to furnish bodily support.

*Judgment for the plaintiff for the full amount claimed.*