## LEAVITT HUNT *v.* FRANCIS B. HAYES.

*Husband and wife.   Necessaries.   Other means of support.*
*Infant.*

1.  A husband is not liable for necessaries furnished his wife who is living
    apart from him for a justifiable reason, provided she has adequate
    means of support from other sources ; and an ante-nuptial agreement
    may afford such means.   .

2.  Whether such means are adequate is for the jury.

3.  *Dictum*, that it is impossible to say from the record whether the de-
    fendant is liable for necessaries furnished his infant son who was liv-
    ing with the mother.

General assumpsit.  Plea, the general issue.  Trial by jury at
the December term, 1889, Windsor county, Taft, J., presiding.

The plaintiff was the father of the defendant's wife, and
brought this suit to recover for necessaries furnished in the sup-
port of his daughter and her infant son who were residing in the
plaintiff's family.  It was conceded by the defendant that the
items sued for were necessaries, and that the wife was living
apart from her husband under such circumstances as would jus-
tify her in pledging his credit for necessaries, unless she was pre-
vented from doing so by the fact that she had other means of
support; and the defendant introduced evidence of an ante-
nuptial agreement by which it was provided that he would pay
to his wife the sum of $2000 annually.   The plaintiff upon his
part conceded that the $2000 had been regularly paid, but con-
tended that the defendant was liable for the support of his wife
and infant son notwithstanding.

The court ruled that the defendant was liable to the same ex-
tent and in the same manner as though no ante-nuptial agree-
ment had been made, to which the defendant excepted.

Inasmuch as both parties desired a determination of this question before a trial was had upon the merits of the case, the case was withdrawn from the jury, and the defendant's exceptions certified to the Supreme Court.

The child referred to was a son of the defendant, born June 7, 1888, who had lived at the plaintiff's house with his mother.

*Gilbert A. Davis* and *Dillingham & Huse*, for the plaintiff.

The amount paid the wife in virtue of the ante-nuptial agreement was her property, over which the husband had no control. *Imlay* v. *Huntington*, 20 Conn. 146; *Wert* v. *Howard*, 20 Conn. 587.

A husband is bound to provide for the support of his wife according to his station in life. 1 Black. Com. 356; 2 Kent, Com. 133.

And the fact that she has separate property does not affect the husband's obligation. Sch. Dom. Rel. 206; *Meth. Ep. Ch.* v. *Jacques*, 1 Johns. Ch. 450, 456, 458; *Hallahan* v. *Patterson*, 4 Texas, 61; *McLeod* v. *Board*, 30 Texas 244; Staple's Appeal, 52 Conn. 425; *Cunningham* v. *Reardon*, 98 Mass. 538; *Garvey* v. *McCue*, 3 Redf. (N. Y.) 313.

The ante-nuptial agreement does not relieve the husband from this duty. 1 Par. Cont. 359; *Frost v. Willis*, 13 Vt. 202; *Rumney* v. *Keyes*, 7 N. H. 571.

Where the wife is forced to leave her husband by his misconduct, she has implied authority to pledge his credit for necessaries. *Rawling* v. *Vandyke*, 3 Esp. 251; 1 Par. Cont. 353; *Norcross* v. *Rogers*, 30 Vt. 590; *Brown et al.* v. *Mudgett*, 40 Vt. 71.

And this is so, although she has separate estate of her own adequate to her support. 1 Bish. Hus. and Wife, s. 894; Bro. Dom. Rel. 40; *Lamb* v. *Melins*, 5 Ves. 520.

A wife who is justified in living apart from her husband may pledge his credit, not only for her own support, but also for

that of her infant child. *Reynolds* v. *Sweetser*, 15 Gray 78; *Rawlyns* v. *Van Dyke*, 3 Esp. 250; *Frost & Co.* v. *Willis*, 13 Vt. 204; *Gill* v. *Read*, 5 R. I. 543; Sch. Dom. Rel. 345; Bro. Dom. Rel. 40; *Hayden* v. *Hayden*, 4 Cl. & Fin. 323.

*William Batchelder* and *William E. Johnson*, for the defendant.

The defendant was not liable for necessaries furnished his wife if she had a sufficient separate maintenance; and whether she had, was a question for the jury. *Liddlow* v. *Wilmot*, 2 Star. 86; 2 Star. Ev. s. 700; 1 Par. Cont. 362; 2 Smith's Lead. Cas., *Seaton* v. *Benedict*, 497; *Clifford* v. *Laton*, 3 C. & P. 15; *Dixon* v. *Hurrell*, 8 C. & P. 717; *Litson* v. *Brown*, 26 Ind. 489; *Eiler* v. *Coull*, 99 Ind. 376; Chit. Cont. s. 173.

The common-law made the husband liable for the support of his wife when living separate from him, because otherwise she would be a burden to the community. Sch. Dom. Rel. s. 61.

It is universally held that a wife who has separate estate ample to her support is not entitled to alimony, and this principle is analogous to the one contended for by the defendant. *Holmes* v. *Holmes*, 4 Barb. 295; *Porter* v. *Porter*, 41 Miss. 116; *Whispell* v. *Whispell*, 4 Barb. 217; *Wright* v. *Wright*, 6 Texas 29; *LaBarron* v. *LaBarron*, 35 Vt. 375; *Smith* v. *Smith*, 2 Phill. 152; *Cooke* v. *Cooke*, Phill. 40; *Street* v. *Street*, Ad. Ec. Rep. 1; *Fred* v. *Ives*, 4 Har. 385.

It was the duty of the defendant's wife to apply the proceeds of the ante-nuptial agreement to her support. *Trary* v. *Boothe et al.*, 37 Vt. 78; *Brown* v. *Mudgett*, 40 Vt. 68; *Norcross* v. *Rodgers*, 30 Vt. 588; Stewart Hus. & Wife, s. 95; *Woodard* v. *Barnes*, 43 Vt. 330.

The father is in no case liable for the support of a minor child not living in his family, except by contract. *Gordon* v. *Potter*, 17 Vt. 348; *Van Valkenburg* v. *Watson*, 13 Johns. 480; *Brainbridge* v. *Pickering*, 2 W. Black. 1325; *Hack* v. *Tolle-*

*mache,* 11 E. C. L. 296 ; *Ramsey* v. *Ramsey,* Ind. Sup. Ct. Dec. 10, 1889, 41 Alb. L. J. 147, and cases cited.

The opinion of the court was delivered by

ROWELL, J. The authority of a wife to pledge the credit of her husband for necessaries is usually regarded as a delegated authority and not as an inherent authority ; and it is considered that if she binds him at all in this behalf she binds him only as his agent. But this authority or agency may be a presumption of law as well as an inference of fact; and it must be a presumption of law when an agency in fact, express or implied, is either not proved or is expressly disproved, as is often the case. Thus, in *Harrison* v. *Grady,* 13 L. T., N. S., 369, it is said that when a wife is turned out of her home without the means of obtaining necessaries, it is an irrebuttable presumption of law that she has her husband's authority to pledge his credit for necessaries ; but that when husband and wife are cohabiting, it is a presumption of fact that she is his agent for ordering articles supplied to their establishment that are suitable to the station that he allows her to assume, but that if they are not suitable to that station, a presumption arises that she was not his agent to pledge his credit for them. So in *Read* v. *Legard,* 6 Exch. 636, where a husband was made liable for necessaries supplied to his wife during the period of his lunacy, Baron *Alderson,* says: "If a wife is compelled by her husband's misconduct to procure necessaries for herself, as, for instance, if he drives her away from his house, or brings improper persons into it, so that no respectable woman could live there, then, according to the adjudged cases, he gives her authority to pledge his credit for her necessary maintenance elsewhere, which means that the law gives her authority by force of the relation of husband and wife." Baron *Martin* said that this is the true foundation of the liability, namely, that by contracting the relation of marriage, a husband takes upon himself the duty of supplying his wife with necessaries, and that if

he does not perform that duty, either through his own fault or in consequence of a misfortune of the kind in that case, the wife has, by reason of the relation, an authority to procure them herself, and that the husband is responsible for what is so supplied.

This doctrine is pretty satisfactory; but we should be quite as well satisfied to say that in such cases the law treats the husband just as though he had in fact given the wife authority; the same as in the case of an implied promise, where the law does not really go upon the ground of a promise, but treats the party just as though he had promised; and that is what is meant by an implied promise.

That a wife, wrongfully turned away by her husband without the means of supplying herself with necessaries, may pledge his credit for them, is undeniable. But the question we have to consider is, whether, when thus turned away, she can pledge her husband's credit for necessaries when she has an adequate income of her own with which she can supply herself.

The earliest case we have found on this question is *Warr* v. *Huntley*, 1 Salk. 118, which is this: An ordinary working man married a woman of like condition, and after cohabiting for some time the husband left her, and during his absence the wife worked, and this action being brought for her diet, it was held by Lord *Holt* that the money she earned should go to keep her. The principle of this case is recognized in *Johnston* v. *Sumner*, 3 H. & N. 261, though the case itself is not referred to. Pollock, C.B., there says: "If the husband turns his wife away, it is not unreasonable to say she has an authority of necessity; for by law she has no property, and may not be able to earn her living: but we should hesitate to say, if a laboring man turned his wife away, she being capable of earning and earning as much as he did, or if a man turned his wife away, she having a settlement double his income in amount,—that in such cases the wife could bind the husband." But a precarious income is not enough. Thus, in *Thompson* v. *Hervey*, 4 Burr. 2177, the wife, who had been sent adrift, had a

pension of £300 a year from the Crown, granted to her in her own name, but determinable at the pleasure of the Crown ; and it was held that she could pledge the husband's credit notwith-standing, for that the pension, being only a voluntary grace and bounty and only during the pleasure of the Crown, was not what any creditor of hers could be supposed to give her credit upon.

*Liddlow* v. *Wilmot*, 2 Stark. 86, is much relied upon by the defendant and strongly denied to be in point by the plaintiff. But we think it in point. The original cause of the separation, which took place thirty years before suit brought, did not appear, but a reason for its continuance did appear, for the defendant had long cohabited with another woman, by whom he had a daughter twenty-five years old, consequently the wife was neces-sarily away : and this is what is said of the case in *Johnston* v. *Sumner*. So it was not a case of separation by mutual consent, as clearly appears by what was said in summing up. The wife had adequate means of her own, but it does not appear whence she derived them, much less that she derived them from her husband by way of an allowance on separation, as is claimed in argument to be the fair inference from the facts stated. Nor is there anything to show that the wife had forfeited her conjugal rights. Lord *Ellenborough*, in summing up, said : " The first question for consideration is, whether the defendant turned his wife out of doors, or by the indecency of his conduct precluded her from living with him, for then he was bound by law to afford her means of support adequate to her situation ; but if either from her husband or from other sources she was possessed of such means, the law gives no remedy against the husband, but the idea of an implied credit is repelled." And this is undoubtedly the law of England. *Blackburn*, J., in *Bazeley* v. *Forder*, 9 B & S. 599, puts it thus : " A wife when separated from her husband in consequence of misconduct on his part rendering it improper for her to remain with him, is in the same position as if he turned her out of doors, and is by law clothed with power to pledge his

credit for her reasonable expenses according to her husband's degree, *unless she is in some other way supplied* with the means of providing them." In this connection it is worthy of remark, if the husband's liability when he turns his wife away is put upon the ground of agency arising from necessity, as many of the cases do put it—*Eastland* v. *Burchell*, L.R. 3 Q. B. D. 432—it logically follows that when there is no necessity there can be no agency, for *cessante ratione legis cessat ipsa lex ;* and there can be no necessity when the wife has means of her own with which she can supply herself.

*Clifford* v. *Laton*, 3 C. & P. 15, is understood by some to be to the same effect as *Liddlow* v. *Wilmot*. Mr. Smith so regards it in his 2 Lead. Cas. 438. It is so digested in 4 Jacob's Fisher's Dig. pl. 6041. And in *Johnston* v. *Sumner*, *Pollock*, C. B., cites it in connection with *Liddlow* v. *Wilmot*, and to the same proposition. And it is quite susceptible of the construction they give it, although it must be admitted that as the case is reported in Carrington & Payne, that point does not very clearly appear.

In *Litson* v. *Brown*, 26 Ind. 489, it is held that if a wife, living apart from her husband for just cause, has means of her own with which she can support herself, however derived, no necessity exists for others to supply her, and that the husband cannot be made liable except on an express promise to pay. Mr. Schouler, in his work on Husband and Wife, s. 117, seems to recognize this case as law, for he cites it in support of the proposition that when a husband by his misconduct compels his wife to live apart from him, he is liable for her necessaries notwithstanding his allowance, as long as that allowance is insufficient *and she has no proper means of support.* And we do not think that he elsewhere in his work controverts this doctrine. True, he says that ante-nuptial settlements cannot vary the terms of the conjugal relation, nor add to nor take from the personal rights and duties of the husband and wife. But he is speaking generally, and without reference to the question we are considering ;

and what he says is true as a general proposition, both in England and in this country. Indeed we find little or no authority in this country opposed to the view here taken of this question.

But in cases like the one before us, it is for the jury to say whether the wife has adequate means or not for her support.

As to the defendant's liability for the support of his child, it does not appear why the child is with the mother, whether with defendant's consent and approval or against his will and wishes. It may be with her in a way to charge the defendant for its support; but whether it is or not we cannot determine on this record. As to the law of the subject, see *Rawlyns* v. *Vandyke*, 3 Esp. 250; *Bazeley* v. *Forder*, 9 B. & S. 599; *Gill* v. *Read*, 5 R. I. 343; (73 Am. Dec. 73); *Reynolds* v. *Sweetser*, 15 Gray 78. The case of *Gordon* v. *Potter*, 17 Vt. 348, which holds that a father is not liable for necessaries furnished to his minor child except upon his promise, express or implied, to pay for them, is not opposed to these cases, for they also go upon the ground of an implied promise.

*Judgment reversed and cause remanded.*

Munson, J., dissents.