Grafton, }
Dec., 1899. }

OTT *v.* HENTALL.

HUTSON *v.* SAME.

WALKER *v.* SAME.

HARRIS *v.* SAME.

A wife compelled to live apart from her husband by reason of his misconduct has authority to pledge his credit for necessaries adapted to her condition and his circumstances, although possessed of means sufficient to supply her reasonable wants; and this right is not affected by the statutes enabling married women to hold property to their own use, and enlarging their rights and liabilities.

Where a witness refuses to complete a deposition, the party giving notice of the taking is not liable for costs to the adverse party, who did not request compulsion.

ASSUMPSIT. Facts found by the court. The defendant so treated his wife as seriously to injure her health, in consequence of which she left him. After this, the plaintiffs furnished her, at her request, medical attendance, nursing, and board, she pledging the defendant's credit for the same. Hutson made a bill against the wife, but was told by her that the defendant was obliged to pay it. The services, etc., were necessary for her recovery, and were adapted to her condition. Each of the plaintiffs knew that she was living apart from her husband. She had $700 or $800 on deposit in a savings bank. A feeble-minded son was partially dependent upon her for support. Judgments are to be rendered for the parties entitled to them upon the foregoing facts.

The defendant attended a caption of a deposition in Massachusetts, agreeably to a notice given by Hutson. The witness, after testifying in part, refused to complete the deposition. Both parties desired that the witness should complete it, but no request was made by the defendant for means of compulsion, and Hutson understood that compulsion could not be resorted to. The court ruled, subject to the defendant's exception, that he was not entitled to costs, under section 12, chapter 225, of the Public Statutes, for attending the caption.

*Dearborn & Chase* and *Burleigh & Adams*, for the plaintiffs.

*Lewis W. Fling* and *Alvin F. Wentworth*, for the defendant.

CHASE, J. "Marital rights and duties are established by law." Among them is the obligation of the husband to suitably maintain his wife, according to his circumstances in life. He cannot relieve himself of the duty by his own misconduct. If he compels his wife to leave him, and does not make suitable provision for her support, she carries with her authority to obtain upon his credit necessaries of life, adapted to her condition and his circumstances. *Rumney* v. *Keyes,* 7 N. H. 571; *Pidgin* v. *Cram,* 8 N. H. 350; *Allen* v. *Aldrich,* 29 N. H. 63; *Walker* v. *Laighton,* 31 N. H. 111; *Tebbets* v. *Hapgood,* 34 N. H. 420; *Morris* v. *Palmer,* 39 N. H. 123, 126; *Ray* v. *Adden,* 50 N. H. 82, 83; *Sceva* v. *True,* 53 N. H. 627, 631; *Ferren* v. *Moore,* 59 N. H. 106. Accurately speaking, this authority is not referable to the law of agency. It may be exercised against the will of the husband. It is not revoked by his insanity. The law gives it "by force of the relation of husband and wife." *Read* v. *Legard,* 6 Exch. 636. It has been designated "authority from necessity" (*Johnston* v. *Sumner,* 3 H. & N. 261); and the agency has been termed "agency in law," or "agency of necessity." *Eastland* v. *Burchell,* L. R. 3 Q. B. Div. 432, 435, 436; *Bergh* v. *Warner,* 47 Minn. 250. It is authority to do for the husband "what law and duty require him to do, and which he neglects or refuses to do for himself; and is applicable as well to supplies furnished to the wife when she is sick, insensible, or insane, and to the care of her lifeless remains, as to contracts expressly made by her." Accordingly, it was decided in *Cunningham* v. *Reardon,* 98 Mass. 538, that the husband was liable for the reasonable funeral expenses of his wife, whom he had compelled by cruelty to leave him, and who had died while living apart from him. *Raynes* v. *Bennett,* 114 Mass. 424, 428; *Alley* v. *Winn,* 134 Mass. 77, 79. See, also, *Staples' Appeal,* 52 Conn. 425, in which it was held that a husband could not charge his wife's estate for her funeral expenses.

There are authorities which hold that where necessaries are furnished to a wife living apart from her husband without her fault, and she has funds of her own, the liability of the husband depends upon the question of fact whether her means are adequate to her support. *Liddlow* v. *Wilmot,* 2 Stark. 86; *Dixon* v. *Hurrell,* 8 C. & P. 717. The defendant relies upon *Hunt* v. *Hayes,* 64 Vt. 89, and *Litson* v. *Brown,* 26 Ind. 489, in support of this proposition. In the first-named case, the plaintiff, who was the father of the defendant's wife, sought to recover for necessaries furnished her, while living apart from the defendant, under such circumstances as would enable her to pledge his credit unless she was prevented from doing so by the fact that she received $2,000 annually from him by virtue of an ante-nuptial contract. The decision, which was not unanimous,— *Munson,* J., dissenting,— was

founded largely upon the authority of *War* v. *Huntly*, 1 Salk. 118, *Liddlow* v. *Wilmot*, and *Litson* v. *Brown*. The entire report of *War* v. *Huntly* is as follows : "The case was, an ordinary workingman married a woman of the like condition; and after cohabitation for some time, the husband left her, and during his absence the wife worked; and this action being brought for her diet, it was held that the money she earned should go to keep her." These statements are so general that the case is not a very satisfactory authority, especially in view of the fact that on the same page of the report there is another case (*Etherington* v. *Parrot*), in which the same judge (*Holt*, C. J.), in the course of the opinion, said: "If a husband turns away his wife, he gives her credit wherever she goes, and must pay for necessaries for her"; and on the following page, still another case (*Robinson* v. *Greinold*), in which he said: "Though the wife be ever so lewd, yet while she cohabits with her husband he is bound to find her necessaries, and pay for them ; for he took her for better, for worse ; so if he runs away from her, or turns her away." In *Liddlow* v. *Wilmot*, it appeared that the wife had £100 a year, and some plate, but it did not appear from what source she obtained them. Lord *Ellenborough* submitted to the jury the question, whether she was provided with resources adequate to her situation, with the instructions that " if so, and particularly if she has derived that provision from him, the action cannot be maintained. . . . The only credit given to the husband is an implied one, which arises from his situation and the inadequacy of the funds of the wife. . . . If so [she was adequately provided for], the circumstance repels all idea of implied credit." If the husband actually provides his wife with resources sufficient for her support, he performs his duty, and there is no ground upon which an implied promise to pay for necessaries can arise. But if he does not provide the resources, it is difficult to understand why the wife's marital right and the husband's marital duty do not remain unsatisfied. The right and correlative duty do not depend upon the inadequacy of the wife's means, but upon the marriage relation. In *Hunt* v. *Hayes*, the court, in referring to the agency arising from necessity, mentioned in some of the cases, say : " It logically follows that when there is no necessity there can be no agency, for *cessante ratione legis, cessat ipsa lex ;* and there can be no necessity when the wife has means of her own with which she can supply herself." But the necessity referred to in these cases is not so narrow in its scope as seems to be here indicated ; it comprehends the wife's need that the husband's duty shall be performed. The husband's obligation creates the necessity for the agency, if it be so termed,— not the fact that she would otherwise be destitute.

In *Litson* v. *Brown*, two months after the defendant's wife left

him because of his improper conduct, he induced her to sign a deed of real estate, by causing the purchaser to pay her one third of the purchase money. The plaintiff boarded her, both before and after this transaction. It was held that the defendant was liable for the board furnished prior to the wife's receipt of the money, but was not liable for that furnished afterward, because the wife was possessed of means sufficient to supply her reasonable wants and necessities. The decision is based upon *Liddlow* v. *Wilmot*, and *Dixon* v. *Hurrell*, and text-books citing these cases. It will also be noticed that the wife's means came from the husband. See, also, *Eiler* v. *Crull*, 99 Ind. 375; *Arnold* v. *Brandt*, 16 Ind. App. 169; *Scott* v. *Carothers*, 17 Ind. App. 673.

Concerning the reasons given for the decisions in these cases, it is sufficient to say that they seem to be inconsistent with the character of the obligation which the law imposes upon the husband as a part of the marriage relation. Marriage is founded on the idea that the parties will establish a home and rear a family. The husband is by nature, as well as by law, the leading and responsible party in the undertaking. Among other things, he takes upon himself the duty of providing a home, and suitably maintaining the wife and children. The wife's ability to provide herself with the necessaries of life does not relieve him from the duty while they live together; and no good reason is perceived why it should do so while she is living apart from him in consequence of his misconduct. The duty is taken into consideration in awarding alimony to the wife in connection with or after a divorce. *Morrison* v. *Morrison*, 49 N. H. 69, 73; *Janvrin* v. *Janvrin*, 59 N. H. 23. If the wife does not desire a divorce, or the husband's misconduct has not continued a sufficient length of time to constitute a cause for divorce, the court, upon petition of the wife, "may make to her reasonable allowance out of the estate of the husband for the support of herself and children." P. S., c. 176, s. 4. The fact that the wife has means of her own does not deprive her of the right to alimony in the one case, or to an allowance in the other. So far as her right and the husband's correlative duty are concerned, the necessity for clothing her with authority to obtain necessaries upon the husband's credit exists when she has means, the same as when she has none. This is the necessity upon which the law bases the husband's implied promise when he fails in the performance of his duty.

It follows from the foregoing considerations that the statutes of the state enabling married women to hold to their own use property acquired by them, and enlarging their rights and liabilities, do not affect this question. These statutes have not taken away the right of either party to the marital contract, to have the affection, society, and aid of the other. *Cross* v. *Grant*, 62 N. H. 675; *Sea-*

ver v. *Adams*, 66 N. H. 142.   While the wife is at liberty to pro-
vide herself, her husband, or her children with the necessaries of
life, at her own expense or upon her own credit, the duty of supply-
ing them rests by law upon the husband.   *Parsons* v. *McLane*, 64
N. H. 478, 479.   The circumstances disclosed in this case were
such that the defendant's wife had authority to pledge his credit
for the necessaries which she obtained from the plaintiffs.
Whether she did so was a question of fact which has been deter-
mined in the plaintiffs' favor.   Hutson's bill against the wife was
not conclusive evidence upon the question.   *Walker* v. *Richards*,
41 N. H. 388.   The plaintiffs are entitled to judgments.

"If any party after giving notice to the adverse party neglects
or refuses to take a deposition, the adverse party may be allowed
as costs such amount as the court may deem equitable, not exceed-
ing twenty-five cents a mile for actual travel of himself or his
attorney to attend the same, and may have judgment and execu-
tion therefor, unless notice in writing that the deposition will not
be taken, signed by the party giving the original notice, is sea-
sonably given to such adverse party."   P. S., *c.* 225, *s.* 12.   Under
the previous statutes on the subject, the remedy of a party ag-
grieved by a failure to take a deposition was an action on the case.
R. S., *c.* 188, *s.* 22; G. L., *c.* 229, *s.* 10; *Powers* v. *Hale*, 25 N. H.
145.   Now he is not required to bring a separate action, but may
be allowed as costs an equitable sum for actual travel, and have
judgment therefor in the action in which the deposition was to be
taken.   The provision was designed to afford the party compen-
sation for expenditures resulting in no benefit to himself, because
of the neglect or refusal of the adverse party to take depositions
agreeably to notice.   *Wilson* v. *Knox*, 12 N. H. 347, 350.   In con-
struing the earlier statutes, it was held that the party giving the
notice was liable, although he used diligence in attempting to pro-
cure the attendance of the witness, but without success.   *Voght* v.
*Ticknor*, 47 N. H. 543; *Robertson* v. *Railroad*, 63 N. H. 544.   In
this case the witness attended the caption and submitted to exam-
ination in part.   So far as appears, the magistrate had jurisdiction
of the matter of taking the deposition, and of the witness.   The
defendant had the same opportunity and means of compelling the
witness to complete the deposition that Hutson had.   Hutson
neither neglected nor refused to take the deposition, but begun
the taking, and was desirous of completing it.   One party was as
much in fault for not having it completed as the other.   It would
seem to be inequitable to require Hutson to pay costs on account
of the failure.   The defendant's exception must be overruled.

*Judgments for the plaintiffs.*

Pike, J., did not sit: the others concurred.