WOODMANSEE, J.
This cause was submitted to the court on the evidence, a jury being waived by agreement of counsel. Plaintiffs, who were undertakers, seek -judgment against the defendant, Cornelius Sherman, for the burial of his wife. The amount of the bill and the services rendered are not in dispute.
A question of law arises as to whether the husband is liable for the cost of burial of his deceased wife when he had nothing to do with making the contract with the undertakers, and at the time of his wife’s death they were living separate and -apart. It was also in evidence that at the time of the wife’s death a divorce suit was pending in this court between the parties and *560 that a decree for alimony pendente lite had been entered in that suit, and the alimony adjudged was paid as ordered by the court.
There can be no doubt that alimony pendente lite is allowed for support of the wife during the pendency of the divorce suit and the husband is thereby released from further obligation relative to that support, and can not be held for any debts contracted by her in that behalf. It is urged by counsel for the husband that the same decree for alimony absolves the husband from the duty fixed by the common law to pay for a proper burial of his wife.
This court is clearly of the opinion that such a decree never contemplates funeral expenses in event of the possible death of the wife during the pendency of the suit, otherwise the alimony would doubtless be greater in amount than is uniformly allowed. In the case at bar the funeral expenses were greater than the total allowance made for alimony.
While the wife’s estate, if she had one, may be held for her funeral expenses, yet if she had no estate the husband is liable for such expenses. In other words, the undertaker has recourse against both the wife’s estate and the surviving husband for the reasonable funeral expenses-of the deceased wife. The cases in point are: 32 O. S., 33; 44 O. S., 184; 59 N. J., 115; 98 Mass., 538; 5 W. L. Bul., 786, and 26 W. L. Bul., 202.
Judgment will be entered for the plaintiffs against the husband.for the full amount asked for in the petition.