AURORA CASKET CO. *v.* ROPERS

[No. 17,625. Filed December 3, 1947.]

*James L. Murray*, of Indianapolis, for appellant.

*James T. Hooper, Sr.*, of Lawrenceburg, for appellees.

BOWEN, P. J.—This is an appeal from an award of the full Industrial Board of Indiana granting appellee, the guardian of Emma Laaker, incompetent, who was the widow of decedent, Walter H. Laaker, compensation for the death of the said Walter H. Laaker, who was an employee of appellant at the time of his death.

The facts are not disputed. The decedent received fatal injuries resulting from an accident arising out of and in the course of his employment for appellant on the 23rd day of March, 1945. He left surviving

him his widow, Emma Laaker, who had been committed approximately eight years before decedent's death to the Madison State Hospital for the Insane under an order of the Dearborn Circuit Court, and has ever since been a patient at such hospital. Her mind has gradually degenerated, and according to the evidence she will in all probability be an inmate of such institution for life. Prior to her commitment by the Dearborn Circuit Court to the Madison State Hospital, she was supported and maintained by decedent and was wholly dependent upon him. Since her commitment to such hospital, the decedent had contributed the sum of $15.00 cash for her necessities and has further contributed an annual average of $44.50 for her use, and since the year 1937, he has made no other contributions of any character for her maintenance and support.

The majority of the full Board found that decedent's widow, Emma Laaker, was wholly dependent upon him for her support at the time of his death, and awarded her guardian full compensation at the rate of ,$15.56 for 300 weeks, or until terminated under the provisions of the Indiana Workmen's Compensation Act. There was a dissent by one member of the Industrial Board on the ground that decedent's legal obligation to support his wife, Emma Laaker, was modified by her commitment to the Madison State Hospital by the Dearborn Circuit Court, and that thereafter she became a partial dependent.

The appellant appeals to this court on the statutory ground that the award of the full Industrial Board is contrary to law.

The single question involved in this appeal is whether the commitment of a dependent wife to the state hospital for the insane modifies the obligation for her support by her husband under the Workmen's Compensa-

tion Act and the law of this State thereby making her only partially dependent as contended by appellant.

The appellant contends that under §§ 22-401 and 22-1201, Burns' 1933, as amended, upon the wife's commitment to the state hospital for the insane, the extent of the dependency of appellee's ward upon her deceased husband was $5.00 per week, which was also the conclusion of the dissenting member of the Industrial Board.

The Workmen's Compensation Statute, § 40-1403, provides in part, that the following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) a wife upon a husband with whom she is living at the time of his death, or upon whom the laws of the state impose the obligation of her support at such time.

It is the contention of appellant that under the statutes and the decisions of the Indiana courts, that a husband is relieved of his common law and statutory duty to support his wife if she is committed to the state insane hospital, and that upon such commitment, she ceases to be a presumptive dependent under the aforementioned statute.

One of the most basic duties and fundamental obligations of mankind recognized by the law is a man's obligation to support his wife. This obligation arises out of the marital relationship. The failure to meet such obligation is universally made punishable as a crime. Because of the high recognition accorded this fundamental duty in the common law and by statute, courts are bound to strictly construe statutes which purport to relieve a husband from such duty. § 10-1401, *Burns' 1942 Replacement; Lyons* v. *Schanbacher* (1925), 316 Ill. 569, 147 N. E. 440, citing R. C. L.; *H. G. Goelitz Co.* v. *Industrial Bd.* (1917), 278 Ill.

164, 115 N. E. 855; *Martilla* v. *Quincy Mining Co.* (1923), 221 Mich. 525, 191 N. W. 193; *Ott* v. *Hentall* (1899), 70 N. H. 231, 47 A. 80; *Watson* v. *Watson* (1906), 37 Ind. App. 548, 77 N. E. 355; *American Jurisprudence,* Vol. 26, §§ 337-338, pp. 934-935.

The statutes relied upon by appellant as limiting a husband's liability to support a wife who is confined in a state hospital for the insane, §§ 22-401, 22-1201, *supra,* merely provide a means of reimbursement to the state out of the estate of a person confined at the state hospital for the insane. This statute did not expressly provide that such provision should relieve the husband for liability of support under such circumstances, nor can we read such intention of the legislature into such statute by implication. Also, our legislature in enacting statutes on the subject of divorce has provided for the continuing support of a party who has suffered a mental disease. § 3-1201, Burns' 1933.

The construction of the Workmen's Compensation Statute sought by appellant to the effect that in the case of a wife confined in the state hospital for the insane, the laws of the state thereafter would not impose the obligation for her support, would in our opinion be contrary to public policy and the general policy found in our statutes providing for the support of a wife by her husband. Regardless of the present medical opinion of the incurable condition of the wife, there always exists the possibility of recovery which could be aided and abetted by proper contributions for support according to the husband's ability in addition to the meager subsistence furnished by the state.

We cannot read into the statutes providing for reimbursement to the state for an inmate confined at a state

hospital a legislative intention to relieve the husband from his liability for support under such circumstances.

The appellant relies strongly upon the case of *Advance-Rumley* v. *Freestone* (1929), 89 Ind. App. 653, 167 N. E. 377, which held that in the case of a commitment of a son to a state institution, White's Manual Labor Institute, without an order, under a statute similar to the statute involved in the instant case, requiring the father to pay for the child's support, the laws of the state thereafter did not impose the obligation to support such child and such child was no longer conclusively presumed to be a dependent. However, the court, in its opinion, cited the case of *Creeley* v. *Creeley*, 258 Mass. 460, 155 N. E. 424, and based its opinion on the rule that at common law, a father is entitled to the support of his minor children and if of sufficient ability is bound to support them. Accompanying this obligation of support is the right on the part of the father to the custody, society, and services of the child. If the father is deprived of the custody of his child by order of court, it is held that the common law duty to support ceases, and, apart from statute, his obligation in this respect is then determined by judicial decree.

Neither by common law or by statute in this state is a husband relieved of his duty to support a wife who is absent from the home and confined in a state institution by reason of an unfortunate mental disease.

We recognize that there is a minority rule in some jurisdictions that the husband is under no duty nor liability to support his wife while she is confined in a public institution for the insane. *Richardson* v. *Stuesser* (1905), 125 Wis. 66, 103 N. W. 261; *Roberts* v. *Whaley* (1916), 192 Mich. 133, 158 N. W. 209; but, we feel the better reasoned authorities are in accord with

the general rule that a husband is as much under duty to support his wife when she is insane as when she is sane and that there is a husband's duty to support his wife when she is confined in a public institution according to the husband's financial ability. *McAnally* v. *Alabama Insane Hospital* (1895), 109 Ala. 109, 19 So. 492; *Central Kentucky Lunatic Asylum* v. *Craven* (1895), 98 Ky. 105, 32 S. W. 291; *Cunningham* v. *Reardon* (1868), 98 Mass. 538; *Carr* v. *Anderson* (1923), 154 Minn. 162, 191 N. W. 407; *Ott* v. *Hentall, supra; Goodale* v. *Lawrence* (1882), 88 N. Y. 513; *American Jurisprudence*, Vol. 26, § 399, p. 995.

The laws of the State of Indiana imposed the obligation of the support of Emma Laaker upon Walter H. Laaker, the decedent, at the time of his death which occurred as the result of fatal injuries suffered by the decedent in an accident arising out of and in the course of his employment for appellant. We must, therefore hold that under the Indiana Workmen's Compensation Law, the said Emma Laaker must be conclusively presumed to have been wholly dependent upon her husband, Walter H. Laaker, at the time of his death.

The award of the full Industrial Board was not contrary to law, and the judgment is affirmed.

NOTE.—Reported in 75 N. E. (2d) 680.