## JOHN C. COLLINS vs. CURTIS G. LEWIS.

Submitted on briefs April 4, 1893. Decided April 25, 1893.

### Covenant for Quiet Enjoyment, Breach of.

> The pleadings in this action, which was brought by a landlord to recover rent accruing upon a lease of real property, examined. *Held* that, from the averments in the answer, it appeared that there had been a breach of the covenant for quiet enjoyment found in the lease, and that it was error for the court below to order judgment on the pleadings in plaintiff's favor.

Appeal by defendant, Curtis G. Lewis, from a judgment of the District Court of Ramsey County, *Charles E. Otis*, J., entered against him January 31, 1893, for $264.30 damages and costs.

The plaintiff, John C. Collins, owned lot thirteen (13) in block four (4) in St. Paul Proper, and on May 26, 1891, leased it to defendant for one year from June 1, then next, with the privilege of renewal for two years more. The plaintiff therein covenanted that defendant should quietly and peaceably hold, have and enjoy the premises during the term. Defendant covenanted to pay $60 rent per month. The lease was renewed, and this action was to recover rent for the four months ending with October 31, 1892. The lot fronted south fifty feet on Sixth street, and was one hundred and fifty feet deep. There was a small office building on the southeast corner, and defendant repaired it, and built a fireproof vault in its rear, and expended over $800 in making these improvements. He used the lot for a coal and wood yard.

On June 27, 1892, plaintiff made a contract with Robert Mannheimer, owner of the adjoining lot on the east, granting him the right to excavate to the depth of fourteen feet upon the east eight feet in width, of lot thirteen (13,) and to place on the line between their lots the footings and foundations for a party wall below the surface. Mannheimer agreed not to disturb or injure the office or vault of defendant, or interfere with his use of the surface of plaintiff's lot, and agreed to indemnify and save plaintiff harmless from all claims of the tenant for damages on account of any interference

with his property or rights. Under this contract Mannheimer excavated the earth and built the wall. Defendant by his answer claimed that he sustained damages to the amount of $600. He asked judgment for this sum. The action was tried January 25, 1893. Before any evidence was offered, the Judge, on the motion of plaintiff, held that on the pleadings the defendant had no defense or counterclaim, and instructed the jury to return a verdict for the plaintiff for the amount he claimed. Defendant excepted, and appeals from the judgment entered on the verdict.

*Warren H. Mead,* for appellant.

The acts done by Mannheimer and set forth in the answer were done by the direction and at the instigation of the plaintiff, and they were his acts, and he is responsible for them to the defendant. *Sherman* v. *Williams,* 113 Mass. 481; *Sanborn* v. *Sturtevant,* 17 Minn. 200, (Gil. 174;) *Wall* v. *Osborn,* 12 Wend. 39; *Coats* v. *Darby,* 2 N. Y. 517; *Robinson* v. *Vaughton,* 8 C. & P. 252.

Plaintiff's acts amounted to an eviction from one-sixth of the premises. They amounted to a substantial and effectual deprivation of the beneficial enjoyment of the property. *Edgerton* v. *Page,* 20 N. Y. 281; *Lounsbery* v. *Snyder,* 31 N. Y. 514.

Where there has been an eviction from a part of the demised premises by the acts of the landlord, there can be no recovery on the lease for the rent. *Royce* v. *Guggenheim,* 106 Mass. 201; *Christopher* v. *Austin,* 11 N. Y. 216; *Blair* v. *Claxton,* 18 N. Y. 529; *Dyett* v. *Pendleton,* 8 Cow. 727; *Lawrence* v. *French,* 25 Wend. 443.

When the landlord interferes under claim of title, with demised premises, and prevents the tenant from having the use and enjoyment of the whole or part thereof, tenant, when sued for the rent subsequently falling due, may recover on a counterclaim for the damages sustained. *Goebel* v. *Hough,* 26 Minn. 252; *Eldred* v. *Leahy,* 31 Wis. 546; *Mayor of New York* v. *Mabie,* 13 N. Y. 151; *Rogers* v. *Ostrom,* 35 Barb. 523. Any act of lessor under claim of title or right, against the tenant's enjoyment of demised premises, is a violation of the covenant of quiet enjoyment. *Avery* v. *Dougherty,* 102 Ind. 443.

*C. D. & Thos. D. O'Brien,* for respondent.

The plaintiff exercised only his proprietary right to convey an interest in his property to Mannheimer subject to the rights of the defendant, as lessee. He created no paramount title, for he could not do that, nor were the acts which were done by Mannheimer done under a claim of paramount title. If plaintiff had done them himself, he might have been liable in an action of trespass, but where there is no eviction, and where the lessee remains in possession of the property, he must show a direct connection between the landlord and the trespasser to charge the former with the consequences of his acts. Taylor, Landlord and Tenant, (6th Ed.) §§ 310, 311, 233.

If the contract with Mannheimer is to be treated as a sale of part of the premises, it can have no greater effect than a sale of the entire premises. If the plaintiff had conveyed the property to a third party, he would not be responsible to defendant for subsequent trespasses or improprieties committed by his grantee. The agreement is an ordinary party-wall agreement, differing from the usual one only in respect to the fact that the portion of the party-wall above the surface was to be entirely on the grounds of Mannheimer.

The covenant for quiet enjoyment is fulfilled when the landlord is in a position to make a good lease, and can only be broken by either the direct and personal act of the landlord, or the existence of a paramount title. The interference with, or disturbance of, the tenant by a third party, whether he be the landlord's grantee of a part, or the whole of the property, is not a violation of this covenant. *Gazzolo* v. *Chambers,* 73 Ill. 75; *Kelly* v. *Dutch Church of Schenectady,* 2 Hill. 105.

Counsel for defendant says that it was intended that this contract with Mannheimer should be executed during the life of the lease. There is not a word in the contract as to when it shall be performed. There is no limitation of time, nor is there any obligation upon the part of Mannheimer to commence this construction within the life of this lease, or at any other time. It cannot be said that plaintiff contracted with reference to an invasion of the defendant's rights. The court below held upon the

pleadings that defendant's action, if against anybody, must be against Mannheimer, and that plaintiff was in nowise connected therewith.

Collins, J.   On the trial of this action, judgment upon the pleadings was ordered in plaintiff's favor, and defendant appeals from the judgment thereafter entered.   It appears from these pleadings that plaintiff leased to defendant a city lot, with the buildings situate thereon, for the period of one year, commencing June 1, 1891, the latter taking immediate possession, and using one of the buildings as an office.   The lease was in writing, containing the usual covenants, including that of quiet enjoyment.   It also provided for a renewal for the period of two years, and at the expiration of the first year was probably renewed.   This action was brought to recover the stipulated rent for the months of July, August, September, and October, 1892.   By the answer defendant admitted the alleged failure and refusal to pay rent for the four months mentioned, and as a defense, by way of counterclaim, averred that about July 1st plaintiff, claiming title and ownership to the same, entered upon and took possession, with divers other persons, of the easterly eight (8) feet of the leased lot, and excavated the soil thereof to the depth of fifteen (15) feet, against defendant's protest, and thus, to the depth and width above indicated, removing the soil and excavating under the said office building, and under an addition thereto, and a fireproof vault built and erected on the premises by defendant, and also under the sidewalk in front of the entrance to said office building, whereby he had been damaged and injured in a manner and to an amount which need not here be detailed. It was further averred by defendant, as one of the unauthorized acts of plaintiff, that on June 27, 1892, he had made and entered into a certain written agreement with one Mannheimer, a copy thereof being incorporated into the answer, and that the other acts complained of were performed, plaintiff authorizing and directing the same, under the agreement, but by Mannheimer and his agents.   This agreement recites that said Mannheimer, as the owner of the lot upon the east of the leased premises, was about to erect a large and substantial building on his lot, and, upon the conditions specified, it was to the advantage of both parties that a portion

of the foundation for the westerly wall of the proposed building be placed upon the plaintiff's lot. It was therefore agreed between said plaintiff and said Mannheimer that the latter should have the right, and he was authorized and empowered, to excavate upon the easterly line of plaintiff's lot to the width of eight feet, and to the depth of fourteen feet, and to place in and upon such excavation the footings and foundation of the westerly wall of the building he was about to erect, and to keep and maintain the same forever. All of the wall proper—that is, all above the street level—was to be erected upon Mannheimer's lot, and it was to become a party wall, under certain conditions. It was also agreed that in making the excavation, and in putting in the foundation for his building, Mannheimer should not injure or interfere with any building or structure then on plaintiff's lot, nor with the use of the surface of the lot by the tenant then in possession,—the present defendant. It was also expressly stipulated that Mannheimer should provide secure and substantial support for all buildings then on plaintiff's lot, including the one owned by the defendant, so that they should not be injured or damaged by the excavation, or by the erection of the new structure, and, further, that, in case of injury or damage to any of said buildings by reason thereof, such injury or damage should be paid for and sustained by Mannheimer; this plaintiff being indemnified and saved harmless therefrom. Other conditions and stipulations in the agreement need not be mentioned.

Counsel for respondent do not contend, as we understand, that the allegations found in the answer fail to show that defendant's rights as a tenant in possession have been invaded by the parties who entered upon the premises and made the excavation, but their position seems to be that from all of these averments, and the agreement made a part of the answer, it clearly appears that the invasion and trespass was that of Mannheimer and his agents, for which the plaintiff was no more responsible than he would have been had he conveyed the leased property in fee to the former, and the excavation had then been made. They insist that it was not the purpose nor the effect of the agreement to authorize the commission of any unlawful act by Mannheimer, because in it the tenant's right of possession was expressly recognized, and it was agreed that Mannheimer should not interfere with defendant's use of the surface

of the lot, nor should he injure or interfere with any of the buildings upon the same.

By the execution and delivery of the agreement, Mannheimer was authorized and empowered by the owner of the fee to enter upon and remove a portion of a lot which the latter had previously leased to the defendant for a term of years, and of which defendant, as tenant, held peaceable possession. A part of the lot so to be excavated lay underneath the building owned by the landlord, and a portion under the building owned by the tenant; his ownership thereof being mentioned and acknowledged in the agreement with Mannheimer. According to the answer the removal of the soil from about one-sixth of the surface of the premises seriously damaged each of these buildings, rendering them unsafe and insecure, and resulted in other damage to the tenant. This result the landlord had so far anticipated as to undertake to protect himself by providing in the agreement for his own indemnity from pecuniary loss should his tenant be injured. It is difficult to understand how the landlord could authorize the performance of the acts provided for in the agreement without fully realizing that a trespass was to be committed, and the right to quietly enjoy the premises invaded, unless his tenant's consent to the excavation was first obtained. In fact this invasion was expressly sanctioned, aided, and abetted by the agreement, and without its execution it is safe to. say would not have occurred. Taking the agreement in connection with the positive assertion found in the answer, that the acts of Mannheimer and his agents were committed under plaintiff's direction, it is obvious that under a claim of title the landlord has interfered with the tenant's possession of demised premises, and has prevented him from having the use and enjoyment of a part thereof. This amounted to a breach of the covenant for quiet enjoyment, and when such a condition exists, and an action is brought to recover for rent subsequently falling due, the tenant may counterclaim and recover his damages. *Goebel* v. *Hough*, 26 Minn. 252, (2 N. W. Rep. 847.)

It has been urged by counsel for respondent that, because the tenancy was acknowledged in the writing, no recovery as for damages can be allowed. The landlord cannot be permitted to excuse and avoid the consequences, the almost inevitable result of his own

acts; by showing that the party with whom he has contracted, and has authorized to perform the acts complained of, has agreed to perform so that no injury could result. It has also been argued that no invasion of the defendant's rights was contemplated, because there was no intimation or requirement in the agreement that the excavation should be made during the life of the lease, and there was no obligation on Mannheimer to remove the earth at any time. In answer to this, if answer be required, we need but to say that Mannheimer was not prohibited from commencing at once, and that action during the life of defendant's lease was contemplated is conclusively shown from the provisions in the agreement designed to protect the landlord, plaintiff, and save him harmless from such loss and damages as defendant might sustain as a tenant. A new trial must be had.

Judgment reversed.

VANDERBURGH, J., took no part.

(Opinion published 54 N. W. Rep. 1056.)

Submitted on briefs April 4, 1893.   Decided April 25, 1893.