ALICE C. GRANT vs. SAMUEL GRANT.

Submitted on briefs April 18, 1893. Decided May 5, 1893.

Joinder of Causes of Action.

Facts which would entitle plaintiff to a limited divorce may be joined in a complaint with those justifying an absolute divorce, and thereupon relief may be sought in alternative form.

Complaint Construed.

Complaint held sufficient as showing grounds for a limited divorce by reason of desertion and of conduct rendering it unsafe and improper for the wife to cohabit with the defendant.

Appeal by defendant, Samuel Grant, from an order of the District Court of Rice County, Thomas S. Buckham, J., made July 28, 1892, overruling his demurrer to his wife's complaint for divorce.

Geo. N. Baxter, for appellant.

H. S. Gipson, for respondent.

DICKINSON, J. The order overruling the demurrer to the complaint should be sustained.

1. There is no improper joinder of different causes of action. Facts which would entitle the plaintiff to a limited divorce only may be pleaded with those showing a cause of action for an absolute divorce, and relief in both forms may be sought alternatively. Wagner v. Wagner, 36 Minn. 239, (30 N. W. Rep. 766,) and cases cited.

2. The complaint undoubtedly sets forth two sufficient grounds upon which at least a limited divorce may be granted. One of

them is that the defendant had continuously compelled the plaintiff to submit to excessive intercourse with him, to such an extent as to impair her health, and to afford reason to apprehend that a continuance of this would seriously and permanently injure her health. This may well be regarded as "such conduct on the part of the husband towards his wife as may render it unsafe and improper for her to cohabit with him," which is one of the specified grounds for a limited divorce. 1878 G. S. ch. 62, tit. 2, § 31. And see *Melvin* v. *Melvin*, 58 N. H. 569. Whether this would be reason for granting an absolute divorce we need not decide.

Again, it is well pleaded that the defendant has abandoned the plaintiff, and has neglected and refused to provide for her. This is also a cause for a limited divorce or separation, under the statute cited, even though the abandonment was not continued for such length of time as to entitle the plaintiff to an absolute divorce.

Since the complaint sets forth such causes of action, the general demurrer to it was properly overruled, whether or not it can be regarded as well pleading cruel and inhuman treatment in other particulars. *First Nat. Bank of St. Paul* v. *How*, 28 Minn. 150, (9 N. W. Rep. 626.) Whether the complaint is sufficient in that respect we will not now decide, it being unnecessary, and it not appearing that the matter has been considered or decided by the district court.

Order affirmed.

VANDERBURGH, J., was absent, and did not participate in this decision.

(Opinion published 54 N. W. Rep. 1059.)