10277

APPEAL OF BROOKLAND BANK.

MARTIN *ET AL.* v. MARTIN *ET AL.*

(100 S. E. 156.)

1. HOMESTEAD—SEPARATION OF HUSBAND AND WIFE DOES NOT AFFECT HIS HOMESTEAD RIGHTS.—Husband, who has been separated from wife for 14 years, and who, during such time, has not supported wife, is nevertheless "head of a family," and entitled to a homestead; the separation not having absolved him from supporting wife.

2. HUSBAND AND WIFE—SEPARATION DOES NOT AFFECT HUSBAND'S DUTY TO SUPPORT WIFE.—Husband's separation from and failure to support wife does not absolve him from duty of supporting her.

3. HUSBAND AND WIFE—HUSBAND FAILING TO SUPPORT WIFE REMAINS HEAD OF FAMILY.—The fact that a husband does not support his wife does not deprive him of his legal right as the head of the family.

Before TOWNSEND, J., Lexington, ——— term, ———. Affirmed.

The Brookland Bank levied execution on a judgment against A. W. Martin, and brought action to enjoin sale of A. W. Martin's interest in land sold in partition proceedings

by W. A. Martin and others against A. W. Martin and others, and A. W. Martin files a petition asking that a homestead be set apart to him out of the proceeds of sale. Petition granted, and the Brookland Bank appeals.

*Mr. C. M. Efird,* for appellant, cites: *As to the allowance of homestead:* Constitution, article III, sec. 28; Civil Code, sec. 3711. *As to the meaning of "head of a family:"* 36 S. C. 576, 578; 32 S. C. 165; 33 S. C. 597; — S. E. Rep. 439.

*Messrs. Weston & Aycock,* for respondent.

August 26, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

The sole question is whether A. W. Martin is head of a family and entitled to claim a homestead in lands, as against his judgment creditor, the Brookland Bank, under the following agreed statement of facts:

"He was married a number of years ago, and lived in and around the town of Swansea, in the said county and State, and to him and his wife were born quite a number of children, all of whom are now of age and self-supporting. None of them reside with him. He and his wife separated 14 years ago and have not lived together since that time. There is no animosity or ill feeling existing between them, but about that time they simply agreed for reasons mutually satisfactory to separate and live apart, but no immoral conduct on the part of either was the cause of the separation. He now lives in the city of Columbia, and conducts a mercantile business for another person, in which he has no interest as owner. His wife lives in the town of Swansea, in the county of Lexington, and owns in her own right a valuable farm, consisting of 295 acres, near the town of Swansea, and an improved lot in the town. She supports herself entirely from the profits of the plantation and prop-

erty, and is not in any way dependent upon her husband for support. He has not contributed anything whatever to her support for a number of years, and is not now doing so. He occasionally visits her, and she visits him, also; but they do not live together as one family."

The Circuit Court correctly held that Martin is the head of a family, and entitled to the homestead. The separation did not absolve him from the duty of supporting his wife, which is imposed upon him by the law. *Gilliam v. Railway*, 108 S. C. 195, 199, 93 S. E. 865. Nor did it change the marital relation. She is still his wife, and has the right to require him to perform his duty; and they may yet be reconciled and live together. The fact that a husband does not support his wife does not deprive him of his legal rights as the head of the family. He may be an invalid, and she may, in fact, support him; nevertheless he is in law the head of the family. The circumstances stated cannot change the law.

Judgment affirmed.