# JANUARY TERM, 1923.

MARTILLA *v.* QUINCY MINING CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—AWARD OF DEPARTMENT FINAL IF SUPPORTED BY EVIDENCE.

On certiorari to review an award of the department of labor and industry under the workmen's compensation act, the Supreme Court does not hear the case *de novo*, and if the award is supported by competent evidence it may not be disturbed.

2. SAME — DEPENDENTS — HUSBAND AND WIFE LIVING APART — "JUSTIFIABLE CAUSE" HAS SAME MEANING AS IN SEPARATION AND DIVORCE CASES.

The words "justifiable cause," as employed in the workmen's compensation act (section 6, pt. 2, Act No. 64, Pub. Acts 1919, Comp. Laws Supp. 1922, § 5436), providing that a wife shall be conclusively presumed to be wholly dependent for support upon her husband from whom she is living apart for justifiable cause, are construed to have the same meaning as that given them in separation and divorce cases.

3. SAME—EXCESSIVE MARITAL INDULGENCE JUSTIFIABLE CAUSE FOR WIFE'S LIVING APART FROM HUSBAND.

It was extreme cruelty for a husband to insist on excessive marital indulgence to such an extent as to endanger the wife's health, and she was therefore justified in living apart from him under the provisions of the workmen's compensation act.

4. SAME—QUESTION OF FACT IS FOR DEPARTMENT.

As to whether a husband's insistence on excessive marital indulgence was injurious to the wife's health, or whether she merely imagined ill consequences due to her neurasthenic condition, *held*, a question of fact for the department of labor and industry.

On the question as to what constitutes wife living apart from husband for justifiable cause within the meaning of workmen's compensation act, see notes in L. R. A. 1916A, 370; 13 A. L. R. 710.

5. SAME — EXCESSIVE MARITAL INDULGENCE — WIFE'S TESTIMONY
REQUIRES NO CORROBORATION.

A wife's testimony that she was living apart from her
husband because his insistence on excessive marital in-
dulgence was injurious to her health, *held*, because of
the delicate nature of the testimony, to require no cor-
roboration.

6. SAME — ADMISSION AND REJECTION OF EVIDENCE NOT PASSED
UPON UNLESS REQUIRING DIFFERENT DETERMINATION.

On certiorari to review an award of the department of
labor and industry under the workmen's compensation
act, the Supreme Court does not pass upon rulings ex-
cluding or admitting evidence, as upon a writ of error,
and unless evidence excluded can be said to have im-
peratively commanded a different determination, the award
will not be set aside.

7. SAME—WIFE JUSTIFIABLY LIVING APART FROM HUSBAND CON-
CLUSIVELY PRESUMED TO BE DEPENDENT.

Since the statute makes a wife living apart from her
husband for justifiable cause presumptively dependent
upon him for support, and therefore entitled to com-
pensation, it is immaterial that she gave her husband
notice that she would not look to him for support, and
thereafter worked and earned her own living, where she
was justified in living apart from him.

8. SAME—REFUSAL OF DEPARTMENT TO ACT ON CASE PENDING IN
SUPREME COURT NOT REVIEWABLE.

The refusal of the department of labor and industry to
set aside an award in a case pending in the Supreme
Court may not be reviewed, there being no action to
review.

9. SAME—JUDGMENT—AFTER AWARD DEPARTMENT MAY NOT GRANT
REHEARING.

After the department of labor and industry has made an
order awarding compensation under the workmen's com-
pensation act, it has no power to grant a rehearing.

Certiorari to Department of Labor and Industry.
Submitted October 27, 1922. (Docket No. 39.) De-
cided January 2, 1923.

Aino Martilla and another presented their claim for

compensation against the Quincy Mining Company for the accidental death of Jacob Martilla in defendant's employ. From an order awarding compensation to Aino Martilla, defendant brings certiorari. Affirmed.

*Swaby L. Lawton,* for appellant.

*Kerr & Lacey,* for appellee.

WIEST, C. J. This is certiorari to the department of labor and industry, to review an order under the workmen's compensation act, determining that Aino Martilla, widow of Jacob Martilla, was dependent on her husband when he was accidentally killed, while in defendant's employ, on June 7, 1920. Matti Martilla, a brother of the deceased, also claims dependency, but if the widow is entitled to compensation he has no claim. Many questions are raised, all of which, however, center upon whether the wife, at the time of her husband's death, was living apart from him for justifiable cause.

Aino and Jacob were married in September, 1918, and lived together about three months, when she left him and after living apart a short time she returned and they lived together a week, when she left again and since then has supported herself, and at the time of his death, about 18 months after the last separation, she was living in Detroit and earning $15 a week and her board at housework. Some time before the marriage she had ovarian trouble and by two operations had her ovaries removed. At the time of the marriage she was 27 years of age and fairly well, and he was a robust man 30 years of age. She claims she lived apart from her husband because his excessive marital indulgence destroyed her health. The board found this to be true and held that it constituted justifiable cause for her living apart from her husband and was desertion on his part. In con-

sidering the case we will leave out the subject of desertion as it is wholly unnecessary to decision.

Does the evidence support the finding of living apart from her husband for justifiable cause? We do not hear this kind of a case *de novo* and cannot pass upon the weight of the evidence. If the finding is supported by competent evidence then it cannot be disturbed. *Ginsberg* v. *Adding Machine Co.*, 204 Mich. 130; *Chaudier* v. *Lumber Co.*, 206 Mich. 433 (5 A. L. R. 1673) ; *Ortner* v. *Carburetor Co.*, 207 Mich. 610; *Kirkley* v. *General Baking Co.*, 217 Mich. 307; *Bryan* v. *Hudson Motor Car Co.*, 217 Mich. 456; *White* v. *Morgan & Wright*, 217 Mich. 499; *McCartney* v. *Wood-Temple Co.*, 217 Mich. 505; *Thayer* v. *Berkey & Gay Furniture Co.*, 220 Mich. 332.

Mrs. Martilla testified that at the time of the marriage she was quite well, but after living with her husband three months she became sick and "was very bad" and visited a doctor; that the doctor examined her and advised her that "The man abused me too much;" that she told her husband what the doctor said, "but he did not care." She also testified:

"Q. And that abuse to which you refer was in the process of your relations with him as husband and wife?

"A. Yes, it was exactly that. He abused me in that way too much and that is why I became sick. I cannot stand a man so much after I had been operated on."

There is much more of the same tenor, going more into detail, but we see no occasion to state the same in the opinion. There was competent evidence that she left her husband because his insistence upon excessive marital indulgence was ruining her health, and he, knowing the fact, still persisted therein. Was that justifiable cause, within the meaning of the compensation act, for living apart from her husband?

The statute, section 6, part 2, Act No. 64, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5436), provides:

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"A wife upon a husband with whom she lives at the time of his death, or from whom, at the time of his death, the industrial accident board (now department of labor and industry) shall find the wife was living apart for justifiable cause or because he had deserted her." * * *

In *Kirkley* v. *General Baking Co., supra,* we held that the words "justifiable cause," as employed in this statute, have the meaning given the same in separation and divorce cases. If he knew that his demands were ruining her health and yet persisted therein, it was extreme cruelty on his part, and she had a right to leave him and live beyond reach of his demands. The law of self preservation would dictate such a course and the law of separation and divorce sanctions it. His marital rights did not go to the extent of rendering his wife a physical and mental wreck.

In *Mayhew* v. *Mayhew,* 61 Conn. 233 (23 Atl. 966, 29 Am. St. Rep. 195), it was said:

"What may or may not constitute intolerable cruelty by a husband toward his wife in the exercise of his marital rights is a difficult and delicate question. Such acts as are usually meant by that term are not ordinarily dangerous or cruel. But sometimes they may be both dangerous and cruel. Marital rights exist on the part of the wife as distinctly as on the part of the husband. Correlative to marital rights are marital duties. The law implies a two-sided obligation. In respect to such acts as are here in question, it includes the duty of forbearance on the part of the husband at the reasonable request of the wife, as well as the duty of submission on the part of the wife at the reasonable request of the husband. Any decision of what constitutes intolerable cruelty in these matters

221—Mich.—34.

that should leave out of consideration the duty of the husband and look only to the duty of the wife, would be manifestly erroneous."

It is extreme cruelty for a husband to knowingly endanger the wife's health through marital excesses. *Walsh* v. *Walsh,* 61 Mich. 554; *White* v. *White,* 135 Mich. 271; *Grant* v. *Grant,* 53 Minn. 181 (54 N. W. 1059).

Some attempt was made to show by physicians that the removal of the ovaries would not make marital indulgence injurious to her health, and the claim is made that the real trouble was the neurasthenic condition of the wife, and this led her to imagine ill consequences rather than experiencing the same. At the most this only presented a question of fact to the board.

It seems also to be urged that the testimony of the wife should not have been accepted without some corroboration. We are not cited to any rule requiring corroboration of a witness in this kind of a case before placing credence in the testimony given. People living in the same house with the claimant and her husband were called by defendant and gave testimony that they knew of no trouble between the claimant and her husband. This, of course, was addressed to the board and we only notice it to the extent of observing that the matter was of such a nature that common delicacy would withhold proclamation thereof from the housetop. That the wife did not resist her husband to the extent of arousing attention of others in the house is of no deciding significance. See *Ridley* v. *Ridley* (Iowa), 100 N. W. 1122.

It is also said the board was in error in excluding a letter claimed to have been written by claimant when she left and in which she stated:

"Now I have done that which we spoke about last night. I can't suffer this troublesome life any longer.

I am going to go away from your sight. I am absolutely independent of you now. I will look out for myself and you do the same. It is a big sin according to my conscience that we always scrapped. I am not used to this kind of life. I am going out to look for work, and I hope that I can find some and we shall be our own boss, and I think this will be more agreeable. It becomes too burdensome to live this kind of life myself and also yourself. I will not write any more here now, but I hope you understand me correctly as I have left. I don't need your support any longer. I have been too much of an expense to you already, and good bye and forever I will take care of myself."

We do not pass upon rulings excluding or admitting evidence, as upon a writ of error, and unless we can say that this letter imperatively commanded a different determination than the one made by the board, we cannot set the award aside. With the letter before us we cannot so find.

Was she dependent? If she was living apart from her husband, for justifiable cause, then the statute steps in and declares she shall be conclusively presumed to be wholly dependent for support upon her husband. In such case, the statute leaves no issue of dependency in fact to be tried out, and admits of no finding against dependency even in a case where the wife, through her own efforts, has cared for herself and has made no call upon her husband to meet the marital obligation to support her.

This statute is in recognition of the common-law rule of dependency of a wife living apart from her husband for justifiable cause. The common law held a husband liable for the wife's support, even to the extent of pledging his credit. In the case of a wife, dependency is a legal status, arising out of a relation in which the law imposes on the husband the duty to support. What the law so fixes it retains until there is a severance of the relation or a valid release from the obligation.

Dependency in case of a wife rests on broader grounds than that of a blood relation, like a mother, sister, or other kindred. In the latter cases actual dependency must be established as a fact, while in the case of a wife there is a conclusive presumption of dependency if she is living apart from her husband for justifiable cause. Though she was living apart from her husband he was the head of a family; she was still his wife, and the separation did not absolve him from the duty of supporting his wife. *In re Appeal of Brookland Bank,* 112 S. C. 400 (100 S. E. 156).

In *Kientz* v. *Kientz,* 104 Ark. 381 (149 S. W. 86), it was held (quoting from the syllabus):

"A husband is bound to support and maintain his wife, though they live separately, if such separation is not due to her fault."

She could have filed a bill against her husband for separate maintenance, if his misconduct justified her in not living with him. *Randall* v. *Randall,* 37 Mich. 563; *Page* v. *Page,* 51 Mich. 88; *Ross* v. *Ross,* 69 Ill. 569.

But, it is said, she gave her husband notice that she would not look to him for support, and she worked and earned her own living. The legal obligation on his part to support his wife remained even though in her pride she supported herself. The statute quoted makes the legal obligation final on the question of dependency in this kind of a case.

After this case reached here the defendant petitioned the board to set the award aside. This the board declined to do on the ground that the case was pending here and the board could not act. Defendant now petitions for a supplemental writ of certiorari to review such refusal. We find no action of the board to review. The petition has not been acted upon by the board. Until the board takes action we can take none. If the petition is for a rehearing of the case

by the board it should be denied. The board has no power of rehearing. *Pocs* v. *Buick Motor Co.*, 207 Mich. 591; *Diebel* v. *Construction Co.*, 207 Mich. 618; *Jones* v. *St. Joseph Iron Works*, 212 Mich. 174; *Smith* v. *Port Huron Gas & Electric Co.*, 217 Mich. 519; *Fritz* v. *Rudy Furnace Co.*, 218 Mich. 324.

We decline to grant the writ to review the refusal of the board to pass upon the petition. In the case before us the award made must stand.

The award is affirmed, with costs to plaintiff Aino Martilla.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.