R. GUSTAFSON v. TROCKE CAFETERIA COMPANY.[1]

April 20, 1928.

No. 26,682.

**Verdict will not be set aside merely because testimony on which it was based was opposed by testimony of several witnesses.**

1. The fact alone that the testimony of plaintiff is opposed by that of several other witnesses is not enough to warrant setting aside a verdict based upon the former. The question was one of fact and for the jury.

**Burden of proving an affirmative defense that milk was adulterated rests on defendant.**

2. In this action for the agreed price of milk the defense was adulteration. It was affirmative in character, and therefore the burden of proof with respect to it was upon defendant.

**Counterclaim for damages to defendant's business properly dismissed where no proof of loss of profits.**

3. A counterclaim for damages to the business of defendant was properly dismissed where, although defendant may have lost some customers, there was no proof and no offer of proof of loss of profits, proof of nominal damage not being sufficient to compel submission of the question to the jury.

Appeal and Error, 4 C. J. p. 859 n. 7.
Sales, 35 Cyc. p. 566 n. 81; p. 574 n. 84.

Defendant appealed from an order of the district court for Ramsey county, Michael, J. denying its motion for a new trial. Affirmed.

*Harry S. Locke,* for appellant.

*Hugo Hendricks,* for respondent.

[1]Reported in 219 N. W. 159.

STONE, J.

In this action for the price of milk there was agreement between the parties as to both quantity and price. The sole issues tried arose from the defense and counterclaim. The former was that the milk delivered by plaintiff to defendant had been adulterated by the addition of water, and the counterclaim was for damages to defendant's restaurant business claimed to have been caused by the use therein of the adulterated milk wrongfully furnished by plaintiff. After a verdict for plaintiff, defendant appeals from the order denying its motion for a new trial.

1. Plaintiff admitted that he had watered some of his latter deliveries of milk and at the trial claimed no recovery for milk furnished during that period. He testified that all for which he did ask recovery and for which the verdict awards him the contract price was free from adulteration. There is much evidence to the contrary. But, plaintiff's testimony having been unequivocal, the presence of much and merely persuasive evidence to the contrary does not prevent the question's being for the jury. The opposing evidence, while persuasive, did not go to the extent of being convincing or demonstrative of the untruth of plaintiff's story. On that point the case is in contrast with such as Wells Constr. Co. v. Goder Incinerator Co. 173 Minn. 200, 217 N. W. 112, where the falsity of testimony is demonstrated by other evidence, and there is in consequence no issue for the jury. In this case the jury chose to believe the plaintiff, and their conclusion cannot be disturbed.

2. An assignment of error, much relied upon for defendant, is predicated upon the refusal of the court to charge that the burden of proof was on plaintiff and that he could "only recover from defendant for such pure and unadulterated milk as he has shown was delivered by him to defendant." The instruction was properly refused. Of course there could be no recovery for adulterated milk. The adulteration of milk is a crime (G. S. 1923, § 10250), and presumption against it. The defense of adulteration is affirmative, and in consequence the burden of its proof was upon defendant. Anderson v. Burg & Sons, Inc. 170 Minn. 53, 212 N. W. 9, and cases cited.

3. The remaining assignment of error which merits consideration challenges a ruling which dismissed the counterclaim. The burden of it was that defendant's restaurant business had been damaged by plaintiff's wrongful act in furnishing adulterated milk. There was proof indicating that defendant had lost a few customers by reason of the poor quality of milk which he had served them. We find no proof that the milk served the customers in question had been purchased from plaintiff. But, passing that, there is no evidence of loss of profits and none of any kind upon which damages to defendant's business could have been computed. If in such a case loss be shown, an award of damages "will not be denied merely because of the difficulty of ascertaining them," but the amount must not be left, as it was here, to conjecture. Miller v. Reiter, 155 Minn. 110, 112, 192 N. W. 740. There was proof of nominal but none of substantial damage in any amount. Proof of nominal damage was not enough to compel submission to the jury. Erickson v. M. & O. Power Co. 134 Minn. 209, 158 N. W. 979, overruling, on the point of present importance, Potter v. Mellen. 36 Minn. 122, 30 N. W. 438, and Farmer v. Crosby, 43 Minn. 459, 45 N. W. 866. See also U. S. Exp. Co. v. Koerner, 65 Minn. 540, 68 N. W. 181, 33 L. R. A. 600; Reinkey v. Findley Elec. Co. 147 Minn. 161, 180 N. W. 236.

Order affirmed.