[1] Reported in 16 N.W.2d 186.
Plaintiffs are, and over a period of years have been, copartners engaged in the practice of law at Minneapolis. One of their regular clients was Sam London, who died testate a resident of Hennepin county on February 19, 1942. Defendant is the duly qualified and acting representative of his estate. The controversy which brings the case here arose out of a written contract which reads as follows: *Page 350 
"This Agreement, made this 7 day of February, 1939, by and between Sam London of Minneapolis, Minn., party of the first part, and A.M. Anderson and E.J. Loring, parties of the second part,
"Witnesseth, that whereas Gluek Brewing Company has a claim against first party for certain back rent in the sum of about twenty-five thousand dollars ($25,000) under Lease of Premises at 721 Hennepin Avenue, Minneapolis, Minn., and whereas first party is desirous of securing a settlement and release of such claim and also of obtaining a new lease upon said premises with privilege of assignment without personal liability;
"Now therefor [sic] it is agreed, that in consideration of second parties assisting and advising first party in obtaining said Lease and release and if first party is not required to pay said back rent and a suitable lease is obtained and accepted by first party and if no action to recover said back rent is commenced within six years from the date of such new lease he shall pay to second parties the sum of five thousand dollars with interest at the rate of six per cent from the date of said lease.
"It is agreed, that this agreement shall inure to the benefit of and bind the heirs, executors, administrators and assigns of the respective parties.
"In testimony whereof we have hereunto affixed our hands and seals the day and year above written.
 "[Signed] Sam London "[Signed] A.M. Anderson
"Witness
"Camilla F. Axelson"
Plaintiffs, claiming full performance of its provisions on their part, filed a claim against the estate of decedent and prevailed. Defendant's appeal to the district court, where there was a trial de novo upon issues duly framed, resulted in findings and an order sustaining the probate court. Defendant's motion for amended findings or a new trial was denied, and he appeals.
In substance, the findings are these: Decedent entered into a written lease bearing date November 21, 1928, and expiring May 1, *Page 351 
1939. Under its terms, decedent as lessee pledged to the lessor all goods, chattels, and fixtures, in fact all property belonging to him which at the time of the making of the lease was on the leased premises or might thereafter he placed thereon, as security for the performance of the lease terms. There was a further provision prohibiting the lessee from assigning his rights under the lease without the consent of the lessor. During a very considerable part of the time covered by the lease and while decedent was in possession, he paid a much smaller amount than was provided under its terms. Because of this there was a potential liability of some $25,000. London became "apprehensive that an action might be brought against him to recover the difference between the amount of rent paid and that provided in said lease, and to enforce the lien provided for" under it. Desiring to obtain a full settlement and release of this possible liability and a new lease with the privilege of assignment without the necessity of the lessor's consent, decedent employed the services of plaintiffs for this purpose. The contract which we have quoted was the result of these negotiations.
Mr. Anderson took charge of things for the plaintiffs and on April 27, 1939, procured a full satisfaction and release of all liability under the old lease. A new lease was also procured for a term of ten years from May 1, 1939. It contained assignment provisions satisfactory to Mr. London and was duly executed by him.
In addition, the trial court specifically found that the agreement upon which this cause is founded "was made and entered into by claimants [plaintiffs] and decedent in good faith without fraud or misrepresentation or undue influence, and claimants have fully performed the same in accordance therewith"; that the agreement "is definite and certain and not contingent, and no part thereof has been paid"; and that decedent, shortly after obtaining the new lease, "sold his business for cash and assigned his lease."
Defendant has challenged the agreement on several grounds, namely, that the "contract was entered into under a mistake of fact and of law"; that plaintiffs have been paid in full for whatever services they performed under its terms; that they have not *Page 352 
performed their obligation to obtain a new lease without "personal liability, or for a release of liability"; and, lastly, that the contingent fee contract "is so unconscionable in view of the services actually performed and required to be performed as to be unenforceable."
1. We have read the record with the utmost care to ascertain whether the facts found sustain the findings of the trial court. The record is persuasive that the contract was entered into, as found by the trial court, in good faith and that it was and remained free from the objections raised by defendant. True, there is evidence to the contrary, but the presence of such evidence, in the face of proof for plaintiffs which is unequivocal, does not prevent the question from being one for the trier of fact to determine. The case is not one where the falsity of testimony is demonstrated by other evidence. Here, as in Gustafson v. Trocke Cafeteria Co. 174 Minn. 320,219 N.W. 159, we think the issues were clearly those of fact. This being so, there is nothing for us to do but to affirm. The rule applicable in this type of cases is accurately stated in 1 Dunnell, Dig. Supp. § 411:
2. "The supreme court interferes with the findings of the trial court only where the evidence, taken as a whole, furnishes no substantial support for them." Numerous cases are cited under note 18 sustaining that view.
Minn. St. 1941, § 549.01 (Mason St. 1927, § 9470), provides:
"A party shall have an unrestricted right to agree with his attorney as to his compensation for services, and the measure and mode thereof; * * *."
We can find nothing in the cases cited by defendant requiring interference by this court with the result reached below. Therefore, the order is affirmed.
Affirmed. *Page 353